UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:22-cr-00170-CKK |
| | : | |
| TREVOR BROWN | : | |
| | : | |
| Defendant. | : | |

UNITED STATES' OPPOSITION
TO DEFENDANT TREVOR BROWN'S MOTION TO DISMISS

The United States of America by and through undersigned counsel, files this response to the motion to dismiss (ECF No. 34) (the "Motion") filed *pro se* by the defendant Trevor Brown ("Brown" or the "Defendant"). Defendant claims the Court lacks jurisdiction over him, he has been falsely identified, he has been subjected to involuntary servitude, and he is owed damages in tort. For the reasons set forth below, the Government respectfully requests summary denial of the Motion.

The Motion consists largely of frivolous assertions that do not support a legal basis to dismiss the indictment. His jurisdictional claims are particularly spurious. He ignores 18 U.S.C. § 3231, which vests this Court with jurisdiction over "all offenses against the laws of the United States." His claim that he has been falsely identified is neither timely nor properly brought before this Court prior to trial. His tort claims are frivolous as any tort claim against the United States must be brought in a civil lawsuit pursuant to the Federal Tort Claims Act or a *Bivens* action.

Confronted with similar claims by sovereign citizens about the tax system, the Fifth Circuit observed: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable

merit. . . .   [Petitioner's argument] is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish."   *Crain v. Comm'r*, 737 F.2d 1417, 1417-18 (5th Cir. 1984).

## FACTUAL BACKGROUND

Defendant is charged via indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021.   The charges stem from his presence and conduct outside the Capitol Building's Lower West Terrace entrance and inside the Lower West Terrace entrance.   *See* Complaint and Statement of Facts (ECF No. 1).   Among other conduct, on the morning of January 6, 2021, Brown joined thousands of persons who had marched from a rally for then-President Trump to the west side of the Capitol Building.   By approximately 3:50 p.m., Brown made his way to the front of the crowd, within about 15 feet of the entrance to the Lower West Terrace.   There, a mob of rioters pushed forward against Metropolitan Police Department ("MPD") officers in riot gear with riot shields who had positioned themselves there to prevent the rioters from entering the Capitol Building.

While Brown was outside the Lower West Terrace entrance, he used a bullhorn to shout at the officers and the crowd that was pushing forward into the tunnel.   By approximately 3:57 p.m., Brown pushed his way to the entrance where the crowd of rioters were directly confronting the officers holding riot shields.   Brown continued to use the bullhorn while other rioters around him were assaulting the MPD officers and attempting to pull away the MPD officers' riot shields and batons.   Rioters successfully pulled away a riot shield from one officer and passed it back to the crowd of other rioters.   Brown reached his hand out to assist the crowd in passing back the riot shield as two other rioters hung from the top of the tunnel entrance and stepped onto the shield.   By approximately 4:11 p.m., Brown pushed his way to the very front of the crowd of

2

rioters confronting the MPD officers, at which time MPD officers took BROWN into custody. During processing, Brown confirmed his identity as "Trevor Brown" from Novi, Michigan. Law enforcement officials released him later that evening.

In the evening of January 6, 2021, BROWN posted to his Instagram page the following captions to photos taken at the Capitol earlier that day: "The world is a stage & Jiu jitsu saved my life many times tonight," and "I May or May not know who's on the PA screaming "HEEVE HO."

On January 7, 2021, BROWN posted the following to his Facebook page:

> We the people need one more solid rally like this and CONgress will be forced to bow and be thrown out for not representing the will of the people and charged with crimes against humanity.
>
> . . . .
>
> People should be storming that Brothel we call the Capitol everyday for what goes on in there.  It's a Brothel and they sell you out everyday.  Everyday.  And putting any sort of credibility on anything those whores do in the full Congress is just stupidity.  And that is the fault of the leadership on both sides. . . . .   We should have cleaned that brothel out a long time ago. . . .   Today people are doing the right thing for those wrong reasons.  It needs to get stormed every time they sell us out to some industry.  Hopefully this is a trend that WILL start to bring change in there.  They should know people won't sit still for their whoring and selling us all down the river.  Today th[e]se elitist creeps are getting the same thing we live with everyday, fear for their own safety. . . .   The whole whore house needs to be cleaned out.

All of these events violated federal law and took place at the United States Capitol, federal property.

**ARGUMENT**

The Court should reject and deny Brown's "disconnected, rambling, and nonsensical" motion to dismiss. *Gaskins v. South Carolina*, No. 2:15-CV-2589 DCN, 2015 WL 6464440, at *3 (D.S.C. Oct. 26, 2015). Although Brown does acknowledge being a United States citizen, *see* Motion at 6, his Motion has many of the hallmarks of "sovereign citizen" pleadings which, although they superficially cite to legal authority, make no coherent claim addressable by the Court. Courts have repeatedly rejected these baseless "sovereign citizen" theories of jurisdiction. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen,' a 'secured-party creditor, or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").[1]

### I. The Court Has Jurisdiction Over Defendant Trevor Brown

Brown seems to argue that the Court has no jurisdiction over him because (1) he was never provided an identity hearing, (2) the Government has not disclosed all relevant facts and

---

[1] *Accord, United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990) (the defense that "he is a free, sovereign citizen and as such not subject to the jurisdiction of the federal courts . . . has no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir.1992) (court found jurisdictional argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (stating that the argument that an individual is a sovereign citizen of a state who is not subject to the jurisdiction of the United States and not subject to federal taxing authority is frivolous); *Reed v. Cushwa*, No. 20-CV-3524 (CRC), 2021 WL 2894736, at *2 (D.D.C. June 29, 2021) ("[T]he 'sovereign citizen' theory . . . has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to all litigants, regardless of how they portray themselves.") (citations omitted); *Gaskins*, 2015 WL 6464440, at *3 ("Even liberally construing the complaint, it is not possible to discern any cause of action, much less any coherent supporting facts. Plaintiff's allegations are disconnected, rambling, and nonsensical.").

law establishing authority and jurisdiction over him[2], and (3) the Constitution has not empowered Congress to enact the statutes for which he has been accused of violating.[3]

These contentions are patently frivolous. Section 3231 of Title 18 states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. §3231. Brown is charged with committing, in the District of Columbia on January 6, 2021, the following federal offenses under Titles 18 and 40 of the United States Code: 18 U.S.C. §§ 231(a)(3), 2 (Civil Disorder and Aiding and Abetting); 18 U.S.C. § 1752(a)(l) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); and 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building). Because Brown is charged with criminal offenses under Title 18 and 40, "[n]o more is necessary to establish subject matter jurisdiction." *United States v. Fahnbulleh*, 752 F.3d 470, 476 (D.C. Cir. 2014). "[I]f an indictment or information alleges the violation of a crime set out in Title 18 or in one of the other statutes defining federal crimes, that is the end of the jurisdictional inquiry." *United States v. George*, 676 F.3d 249, 259 (1st Cir.2012) (internal quotation omitted).

Accordingly, Brown's Motion based on lack of jurisdiction should be denied.

---

[2] "Prisoner Trevor Brown, declares that I DO NOT CONSENT to being held impaired of my full rights and liberties guaranteed by law, against my Will, under fatally defective documents that do not fully disclose all relevant facts and law establishing authority, jurisdiction, over me." Motion at 12.

[3] "Trevor Brown is not accused of any of these actions controlled by Constitutional and Legislation." Motion at 28.

## II. Brown Waived His Right To An Identity Hearing And Cannot Now Challenge His Identity Prior To Trial.

A large portion of the Motion contends Brown is not the "Trevor Brown" identified in the complaint and indictment. He also argues specifically that "Trevor Brown the man was never provided an identity hearing." Motion at 12. These are two separate claims, both of which are without merit.

First, with respect to the identity hearing, Criminal Rule of Procedure 5 establishes the requirements for conducting an identity hearing when a defendant is arrested in a district other than the district where the offense was committed:

> If the initial appearance occurs in a district other than where the offense was allegedly committed, the following procedures apply: . . .
>
> (D) the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if:
>
> (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and
>
> (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant.

Fed. R. Crim. Proc. 5(c)(3)(D)

Here, Brown's complaint and arrest warrant were filed in the District of Columbia. *See* ECF No. 1. On July 1, 2021, Brown was arrested in the Eastern District of Michigan and brought before a United States Magistrate Judge for an initial appearance in that district. *See United States v. Brown*, 2:21-mj-30325-DUTY (E.D. Mich.). During that initial appearance, Brown, with the assistance of counsel, waived his identity hearing. *See id.* (Jul. 1, 2021, Minute Entry for Proceedings before Magistrate Judge Curtis Ivy, Jr.). On July 7, 2021, Magistrate

6

Judge Morris of the Eastern District of Michigan ordered that Brown's case be transferred to the District of Columbia.  *Id.* (ECF No. 11).

Brown declines to mention his waiver of an identity hearing, made while represented by counsel, much less suggest that it was not knowing or voluntary.  That being so, he is no longer entitled to assert a right he has knowingly abandoned.  If he wants to maintain that he is not the person who committed the charged crimes, he can do so at trial, where it will be the Government's burden to prove Brown is the one who committed the charged crimes.  *See Coleman v. United States*, 619 A.2d 40, 44 (D.C. 1993) ("The government has the burden of proving beyond a reasonable doubt not only that a crime was committed, but that the accused committed the offense.").  He cannot, however, raise a misidentification claim now to deprive this Court of jurisdiction or justify dismissal of the indictment.

### III. The Court Lacks Jurisdiction Over Any Tort Or *Bivens* Claims Asserted Against The United States

Brown also purports to assert a claim for tort damages for "false arrest," "false imprisonment," and "restraint of full unimpaired liberty."  Motion at 31-34.  This claim clearly fails because any claim against the United States for damages in tort must be brought under the Federal Tort Claims Act.  *See* 28 U.S.C. §§ 1346, 2674.  "The Federal Tort Claims Act (FTCA) is a limited waiver of sovereign immunity that makes the federal government liable to the same extent as a private individual for certain torts of federal employees acting within the scope of their employment."  *Johnson v. Veterans Affs. Med. Ctr.*, 133 F. Supp. 3d 10, 14–15 (D.D.C. 2015) (citing *United States v. Orleans*, 425 U.S. 807, 813 (1976)).  "Where a plaintiff seeks monetary damages against a federal agency for torts committed by federal employees, the [FTCA] is the only possible basis for jurisdiction."  *Jones v. United States*, 949 F. Supp. 2d 50,

53 (D.D.C. 2013) (citation omitted); *see also* 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by [the FTCA] for . . . loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is *exclusive of any other civil action or proceeding for money damages by reason of the same subject matter[.]*") (emphasis added).

Prior to filing an FTCA claim in federal court, a plaintiff must "file [with the agency] (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigations, and (2) a sum-certain damages claim."  28 U.S.C. § 2675(a).  Here, Brown has not alleged, nor is the government aware, that he filed any administrative claim, which is a jurisdictional requirement to suit.  See *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987).

To the extent the Court construes Brown's claim as one for an intentional tort committed by law enforcement officers (*i.e.* a *Bivens* claim), such claim must be filed by Brown in a civil action naming the federal officer(s) who allegedly violated his civil rights.  *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396-96 (1971) ("[T]he Fourth Amendment does not in so many words provide for its enforcement by an award of money damages for the consequences of its violation.  But it is . . . well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.") (internal quotation omitted); *see also Dial v. Kane*, 315 F. Supp. 3d (D.D.C. 2018) ("Although *Bivens* establishes a cause of action for damages against a federal employee in his or her individual

8

capacity for constitutional violations, such liability extends only to officials who themselves acted unconstitutionally.") (internal quotation omitted).

Thus, because Brown has failed to file his claim for tort damages pursuant to the procedures of the FTCA or *Bivens*, this Court lacks jurisdiction over those civil claims and they should be dismissed.

WHEREFORE, the Government respectfully requests that this Court reject and deny defendant Brown's motion to dismiss.

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          United States Attorney
                                          DC Bar No. 481052

By:    *S/ Christopher D. Amore*
        CHRISTOPHER D. AMORE
        Assistant United States Attorney
        NY Bar No. 5032883
        970 Broad Street
        Newark, New Jersey 07102
        Christopher.Amore@usdoj.gov
        (973) 645-2757