UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

TREVOR BROWN,

      Defendant.
_____/

HON. COLLEEN KOLLAR-KOTELLY

Case No. 22-cr-00170

**BRIEF RE: BROWN'S MOTION TO BE EVALUATED BY A SPECIFIC PSYCHIATRIST AND REQUEST FOR BOND**

      Trevor Brown was arrested by Marshals on July 21, 2022, after this Court revoked his bond and ordered an in-custody psychiatric evaluation on June 27, 2022. Case 1:22-cr-00170-CKK Document 38, Filed 06/27/22. On August 11th, Mr. Brown was transferred to the Chicago Metropolitan Correctional Center. On September 12th, Brown sent two letters to the Court which have been construed as Motions for evaluation by a specific psychiatrist and a request for bond. On September 14th, this Court signed an order extending the psychiatric evaluation period to September 26th.

      Counsel has been communicating with Mr. Brown weekly since he arrived at Chicago MCC. This facility is a prison, not a BOP medical center. The majority of individuals incarcerated there have been convicted of serious Federal

1

crimes. Gang factions predominate. Violence is not uncommon despite the best efforts of the Deputies. Prior to this case, Mr. Brown had never even been to jail. He has understandably been dealing with a constant state of fear at the facility.

When Brown arrived, he was first placed in quarantine. According to Brown, he was attacked by a cellmate and roughed up by a Deputy when he attempted to hide under his covers during a roll call. After his quarantine period, Brown was placed in the general population of the prison. He survives in a constant state of fear and anxiety. Counsel believes it is a fair observation that the conditions at Chicago MCC are barely hospitable to a mental health evaluation, and certainly not conducive for treatment or stabilization for individuals like Brown, who suffer from serious mental health symptoms.

All that said, his evaluating psychologist (Dr. Kristin Conlon) has made progress. Counsel for Mr. Brown has been in communication with Dr. Conlon electronically and by phone. On Friday, September 16th, counsel discussed with Mr. Brown his request for an evaluation by a specific psychiatrist, in the community, pursuant to 18 U.S.C. §4241. Rather than slow down the process under way - and likely cause the evaluation period to begin a second time - Mr. Brown has decided to withdraw this particular request.

In addition, his request for a bond appears to be premature. The evaluation period has not been completed. The question of his competency for trial has not

yet been answered. With that said, Mr. Brown has for the first time stated that he is amenable to medication. Dr. Daniel Mayman, who wrote the preliminary and final medical reports on Brown's mental health and competency issues, believes an outpatient "restoration" process is not only possible, but could be quite beneficial to Brown.

If Brown were deemed incompetent after his evaluation period, Dr. Mayman suggests that he be allowed to get treatment in the community with a long-acting injectable anti-psychotic, along with time for him to stabilize on the medication. After a few months of stabilization, Brown's competency could be reassessed. Our Mitigation Specialist, Dana Mertz, believes that such a treatment plan can be coordinated with Lapeer Community Mental Health, which has the capacity to give injectable forms of psychotropic medication. Further, Brown's Medicaid is through Lapeer County, which will cover both psychiatric services and outpatient mental health treatment. During this time, Brown could either live with brother in a two bedroom, two bathroom home in Lapeer County, or he could live with his mother and stepfather, who live just down the road from his brother. His family is very supportive and willing to do anything it takes to help Brown navigate treatment in the community. To be sure, Brown is now motivated to handle these issues. He knows where he would end up were he not to follow the conditions of his treatment and bond – a place to which he most fervently does not want to return.

It is Dr. Mayman's opinion that Brown needs medication to resolve his psychotic symptoms substantially more than he needs "competency schooling." Based on all these facts and factors, counsel believes a bond with community mental health restoration is a real option – and one that would likely lead to "restoration" faster and more effectively.  While it is premature at this point to decide these issues, counsel is in support of Brown's request on this point, particularly after hearing from Dr. Mayman.

Respectfully Submitted,

s/ Todd A. Shanker
Assistant Federal Defender
613 Abbott Street, Suite 500
Detroit, MI 48226
Phone: (313) 967-5542
Email todd_shanker@fd.org

Dated: September 19, 2022

### CERTIFICATE OF SERVICE

Counsel certifies that on September 19, 2022, the foregoing paper was filed with the clerk of the Court under seal using the ECF system. Immediately after filing, counsel will send this motion to counsel for the Government.

s/Todd Shanker