UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:22-cr-00170-CKK |
| | : | |
| TREVOR BROWN | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION
### TO DEFENDANT TREVOR BROWN'S MOTION FOR RELEASE

The United States of America by and through undersigned counsel, files this response to the *pro se* motion (ECF Nos. 47, 48) (the "*pro se* Motion") filed by the defendant Trevor Brown ("Brown" or the "Defendant") and the supplemental motion filed by the Defendant through counsel (ECF No. 50) (the "Supplemental Motion") (collectively, the "Motions"). The *pro se* Motion requests that the Defendant be released on personal recognizance bond and that his competency evaluation, as ordered by the Court (*see* ECF No. 38), be conducted at home. The *pro se* Motion also requests that the Defendant receive an expert opinion from his personal psychiatrist. In the Supplemental Motion, the Defendant withdraws his motion to be evaluated by his personal psychiatrist and acknowledges that his request for bond is premature. ECF No. 50 at 2. For the reasons discussed below, the Government concurs that the Defendant's request is premature, and respectfully requests that the Court deny the Motions.

### FACTUAL BACKGROUND

To avoid unnecessary exposition, the Government refers the Court to the statement of facts provided in the Government's Opposition to the Defendant's Motion to Dismiss. ECF No. 39 at 2-3.

**PROCEDURAL HISTORY**

On June 27, 2022, the Court held a status hearing in this case via videoconference to address the Defendant's Motion for a Hearing to Determine Competency in addition to the Defendant's noncompliance with his conditions of pretrial release. During that hearing, the Court made specific findings that the Defendant had "violated his conditions of release by (1) 'fail[ing] to respond to any of [Shanle Psychological Services'] phone calls to schedule an appointment' as directed by Pretrial Services and (2) 'was terminated' on May 1, 2022 from 'LIST Psychological Services,' which he had previously been slated to attend for mental health treatment." ECF No. 38 at 1 (quoting ECF No 36). At that same hearing, counsel for the Defendant requested that the Court order a psychiatric evaluation to determine whether the Defendant is competent to aid in his own defense. ECF No. 38 at 2.

The Court granted the Defendant's Motion for a Hearing to Determine Competency, finding that, pursuant to 18 U.S.C. § 4241(a), there is reasonable cause to believe he is suffering from a mental disease or defect rendering him mentally incompetent, and, pursuant to 18 U.S.C. § 4241(b), a psychiatric examination and report is necessary to determine whether he is competent to stand trial. ECF No. 38 at 2. The Court also found, pursuant to 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2), that the Defendant had violated his conditions of pretrial release, "and that, in part due to an evident mental disease, Defendant is unlikely to abide by any condition or combination of conditions of release." ECF No. 38 at 2.

Accordingly, the Court revoked the Defendant's release and ordered the Defendant to the custody of the United States Bureau of Prisons ("BOP") for the purpose of an examination under 18 U.S.C. § 4241. ECF No. 38 at 2. The Court further ordered, pursuant to 18 U.S.C. §

4247(c), that "the examining psychiatrist or psychologist shall prepare, as soon as possible, a written report that includes (1) the defendant's history and present symptoms, (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." ECF No. 38 at 3. Lastly, the Court stated that a hearing regarding the Defendant's competency would be scheduled by the Court "after the Court and parties receive the examiner's report." ECF No. 38 at 3.

On or about August 12, 2022, the Defendant was committed to the Metropolitan Correctional Center ("MCC") in Chicago, Illinois, a BOP facility where the Defendant is undergoing a psychological evaluation. *See* ECF No. 49 at 1. On September 13, 2022, the Court granted the MCC Warden's request for an extension of time to complete the Defendant's psychological evaluation and set a deadline of September 26, 2022. *Id.* The Warden represented that the evaluation may not be complete until October 14, 2022, *id.*, and the Government expects the Warden to file an additional extension request with the Court shortly. As of the date of this filing, the examiner has not yet submitted her report.

## ARGUMENT

Section 4241 sets forth the procedures for determining mental competency, including the requirements for an in-custody evaluation and discharge. Once the Court finds by a preponderance of evidence that the defendant is "suffering from a mental disease or defect rendering him mentally incompetent, . . . the court *shall* commit the defendant to the custody of

3

the Attorney General." 18 U.S.C. § 4241(d) (emphasis added). Further, "[t]he Attorney General *shall* hospitalize the defendant for treatment in a suitable facility." *Id.* (emphasis added).

With respect to the length of custody, the Defendant must remain in a suitable facility:

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
> > (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
> >
> > (B) the pending charges against him are disposed of according to law; whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

*Id.* § 4241(d)(1)-(2).

Pursuant to Section 4241, a defendant is not to be discharged from the facility until the director "determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." *Id.* § 4241(e). Once the director makes that determination, "he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment." *Id.*

Here, the Defendant has been in BOP custody for approximately 52 days. His competency evaluation is not complete, and, according to the BOP, it may not be complete until October 14, 2022. Pursuant to 18 U.S.C. § 4241(e), the Defendant is not eligible for discharge.

## CONCLUSION

Accordingly, as stated in the Supplemental Motion, the Defendant's release is premature at this time because the Defendant's psychological evaluation is not complete and the MCC Warden has not yet made a determination as to the Defendant's competency. The Government, therefore, respectfully requests that this Court reject and deny the Motion.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                DC Bar No. 481052

By:   _s/ Christopher D. Amore_
        CHRISTOPHER D. AMORE
        Assistant United States Attorney
        NY Bar No. 5032883
        970 Broad Street
        Newark, New Jersey 07102
        Christopher.Amore@usdoj.gov
        (973) 645-2757