UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>v.                                                              )<br>)<br>BROWN                                                  )<br>_____ ) | Case No. 1:22-cr-170 |

**DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

Defendant Trevor Brown moves for a bill of particulars, in accordance with Rules 7(f) of the Federal Rules of Criminal Procedure. A bill of particulars will adequately apprise Defendant of the scope of the Government's allegations and allow the Defendant to prepare his defense, avoid unfair and prejudicial surprise at trial, and sufficiently protect him against double jeopardy concerns.

**RELIEF REQUESTED**

Defendant requests that the Court order the Government to provide in the form of a bill of particulars the act or acts the Government intends to prove constituted a violation of 18 U.S.C. § 231(a)(3) on January 6, 2021.

**INTRODUCTION**

Defendant is charged in Count One with violating 18 U.S.C. § 231(a)(3) (hereinafter "Section 231"). The entirety of Count One reads as follows:

> On or about January 6, 2021, within the District of Columbia, TREVOR BROWN committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of their official duties incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

Defendant is entitled to a bill of particulars from the Government regarding what act or acts allegedly constituted obstructing, impeding, and/or interfering with a law enforcement officer. Thus, the Court should order the Government to provide, in the form of a bill of particulars, the act or acts which the Government intends to prove constituted Defendant's knowing and intentional violation of 18 U.S.C. § 231(a)(3).

## ARGUMENTS AND AUTHORITIES

Although an indictment need include only a plain, concise, and definite written statement of the essential facts constituting the offense charged, a court may direct the government to file a bill of particulars clarifying an indictment's allegations. Fed. R. Crim. P. 7(c)(1), (f).  "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). But it "is not a discovery tool or a devise [sic] for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F.Supp.2d 25, 29 (D.D.C. 1999). A bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez,* 764 F.Supp.2d 166, 173 (D.D.C. 2011) (cleaned up).

Defendant does not seek to elicit information about how the Government will make its case or its trial strategy, but rather Defendant seeks information specifying which act or acts he committed that the Government alleges were in violation of Section 231.

It is required that a charge be set forth with "such particularity as will reasonably indicate the exact offense which the accused is alleged to have committed and which will enable him intelligently to prepare his defense and, if found guilty, to plead his conviction in a subsequent

prosecution for the same offense." *United States v. United States Savings & Loan League*, 9 F.R.D. 450, 452 (D.D.C. 1949). "A vague, general and indefinite description of the alleged crime is insufficient." *Id.* The averment must clearly designate "*the specific criminal act* for which the accused must answer." *Id.* (emphasis added).

Count One alleges that Defendant violated Section 231. The statute plainly requires that the defendant committed some "act." However, the Statement of Facts (ECF No. 1-1) does not specify which "act" Defendant committed that violated Section 231. The Statement of Facts primarily contains:

(1) a generic narrative of the events that occurred on January 6, 2021 (*e.g.,* "On January 6, 2021, a joint session of the United States Congress convened…");

(2) social media posts and screenshots, some irrelevant (*e.g.*, a meme of George Washington), others confirming that Defendant was present at the Capitol on January 6 (*e.g.,* facebook homepage depicting Brown looking down on a crowd of people in front of the Capitol);

(3) description of alleged acts performed by others who were allegedly in proximity to Brown (*e.g.,* "As this shield is being held up, two rioters who were hanging by from the top of the tunnel entrance step onto the shield.");

(4) actions that others did to Brown (*e.g.,* "at approximately 4:11 p.m., law enforcement officers positioned in the lower west terrace entrance of the Capitol building apprehended Trevor Brown[.]"); and

(5) statements that approach an allegation without making one (*e.g.* "[Brown] was at the front of a crowd of rioters trying to push their way into the Capitol building," *i.e.,* Brown was standing at the front of the crowd while other people in the crowd were trying to push their way into the building. There is no allegation that Brown actually tried to push his way into the building;

Page 3 of 9

"BROWN is seen shouting into the bullhorn as the crowd continues to push into the tunnel and assault the police officers" implying that Brown was not himself pushing into the tunnel or assaulting police, and with no indication what Brown said into the bullhorn and whether anyone could hear him).

The Statement of Facts only contains nine "acts" allegedly committed by the Defendant, and it is not clear which of these "acts," if any, violated Section 231.

The alleged acts contained in the statement of facts are:

- On Page 6 of the statement of facts. "BROWN appears shouting, 'We are one!'" Brown is not alleged to be shouting in a manner that obstructed, impeded, interfered with, or was even heard by a law enforcement officer.

- On Page 7, the statement of facts alleges that "BROWN is also seen holding and using a bullhorn." The Statement of Facts does not allege that Brown used any language in any manner that obstructed, impeded, interfered with, or was even heard by a law enforcement officer.

- Also on Page 7, the statement of facts alleges, "BROWN pushes his way closer to the entrance of the tunnel and makes his way to approximately three or four rows of people back from the tunnel entrance." The Statement of Facts does not allege that a person standing three or four rows of people back from the tunnel entrance obstructed, impeded, or interfered with any law enforcement officer.

- Also on Page 7, the statement of facts alleges, "BROWN is seen shouting into the bullhorn as the crowd continues to push into the tunnel and assault the police officers." The Statement of Facts does not allege that Brown used any language in any manner that obstructed, impeded, interfered with, or was even heard by a law enforcement officer.

- Also on Page 7, the statement of facts alleges, "Towards the end of the video, BROWN is observed at the front of the crowd, just one or two rows of people back from the tunnel entrance, and then is observed pushing his way to the very front of the crowd trying to gain access to the tunnel." The Statement of Facts does not allege that the act of "pushing his way to the front of the crowd" obstructed, impeded, or interfered with a law enforcement officer. However, if this is the Government's theory, Brown is entitled to be told so that he can prepare a defense, such as by showing Brown was thrown to the ground and pushed by others.

- On Page 10, the statement of facts alleges, "an individual who appears to be BROWN made his way to the front of the lower west terrace entranceway up against the riot shields of the MPD officers, and he appears at times shouting into his bullhorn." Again, the Statement

Page 4 of 9

- of Facts does not allege that Brown used any language in any manner that obstructed, impeded, interfered with, or was even heard by a law enforcement officer.

- Also on Page 10, the statement of facts alleges, "At one point in the video, BROWN appears to make a hand signal to another rioter in front of him indicating that he wanted something handed back to him."  The Statement of Facts does not allege that Brown's "apparent" hand signal obstructed, impeded, interfered with, or was even seen by a law enforcement officer or anyone else.

- Also on Page 10, the statement of facts alleges, "Shortly after, a riot shield, which appears to have been pulled away by the rioters in front of BROWN is pulled back toward BROWN. As the shield moves closer to BROWN, BROWN reaches his hand out to grab the shield."  The Statement of Facts does not allege that Brown touched the shield or had any involvement in pulling the shield away from the officers.

- Also on Page 10, the statement of facts alleges, "As the assaults on the MPD officers increase in intensity, BROWN continues to make his way further into the entrance."  The Statement of Facts does not specify whether by "making his way" to the tunnel entrance, Brown obstructed, impeded, or interfered with a law enforcement officer.

Since its passage in 1968, Section 231 has been challenged numerous times on constitutional grounds because the statute's "any act" language seemingly prohibits constitutionally protected behavior.  An almost identical law was struck down by the United States Supreme Court in *Houston v. Hill*, 482 U.S. 451, 466-67 (1987), when the Supreme Court considered the constitutionality of a local ordinance making it unlawful to "assault, strike or in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty."  In striking down the ordinance, Justice Brennan noted, "The ordinance's plain language is admittedly violated scores of times daily, yet only some individuals - those chosen by the police in their unguided discretion - are arrested."

Unlike the Supreme Court in *Houston v. Hill,* numerous courts, including this one, have declined to strike down Section 231.  However, courts construe the statute as "narrowly tailored to prohibit only disorderly conduct or fighting words" and not "words or conduct that annoy or offend [the police]."  *Id.* at 465-66.  For example, the Eighth Circuit Court of Appeals held that to violate the statute the Defendant must "commit an act for the intended purpose of obstructing,

impeding, or interfering, either by himself or with someone else, ***in a violent manner*** with such law enforcement officer or officers;" *United States v. Casper*, 541 F.2d 1275, 1276 (8th Cir. 1976) (emphasis added). *See also United States v. Mechanic*, 454 F.2d 849, 852 (8th Cir. 1971) ("The short answer to the defendants' contention that the statute prohibits protected speech is that, as we read it, § 231(a)(3) has no application to speech, but applies only to violent physical acts."); *United States v. Rupert*, No. 20-CR-104 (NEB/TNL), 2021 U.S. Dist. LEXIS 46798, at *23 (D. Minn. Mar. 12, 2021) (citing *Mechanic*); *United States v. Jaramillo*, 380 F. Supp. 1375, 1376 (D. Neb. 1974); *United States v. McArthur*, 419 F. Supp. 186, 190 (D.N.D. 1975); *United States v. Banks-Means*, 383 F. Supp. 368 (D.S.D. 1974); *United States v. Red Feather*, 392 F. Supp. 916 (D.S.D.1975).

This Court has declined to adopt the Eighth Circuit's "violent manner" standard, but has nonetheless held that "there are specific fact-based ways to determine whether a 'defendant's conduct interferes with or impedes others,' or if a law enforcement officer is performing his official duties 'incident to and during' a civil disorder." *United States v. Williams*, Case No. 1:21-0618 (ABJ), at *7 (D.D.C. Jun 22, 2022) (citing *United States v. Nordean*, 2021 WL 6134595, at *15-16)). In other words, a Statement of Facts that merely alleges that Mr. Brown was in the crowd on January 6 would not be sufficient to support a charge that he also affirmatively and with intent acted to obstruct, impede, or interfere with law enforcement. But it is unclear what additional acts, if any, support a felony charge against him. Simply using a bullhorn without an allegation that the bullhorn had any effect on others or was heard by law enforcement officers or "pushing" to the front of a crowd would not appear, on their face, to constitute "acts" within the scope of Section 231. However, if that is the Government's theory, it needs to say so. "An indictment must contain the essential facts constituting the charged offense." *United States v. Miller,* 605 F. Supp 3d 63

(D.D.C. 2022). The Government must allege facts that show that the individual performed a specific act that violated the statute, but Brown has not been able to parse the Statement of Facts or the discovery provided by the Government to uncover any act that would come withi the statute – so the Government must tell him specifically which acts are alleged to constitute the charged felony.

In other cases involving charges of Section 231, indictments, complaints, and statements of facts contained "specific details" about the defendant's alleged actions captured on video that violated the statute, including specific acts that "an ordinary person would have an intuitive understanding of what is proscribed by a ban on obstructing, impeding, or interfering with law enforcement." *United States v. McHugh,* 1:21-cr-453, 2022 WL 296304, at *16 (D.D.C. Mar. 6, 2023) (assaulting officers with a metal sign, carrying and using chemical spray on Capitol grounds). *See also, e.g., United States v. Phomma*, No. 3:20-cr-00465-JO, 561 F.Supp.3d 1059, 1066 – 68 (D. Or. 2021) (spraying police officer with bear spray); *United States v. Wood*, No. 20-56 MN, 2021 WL 3048448, at *7–8 (D. Del. July 20, 2021) (throwing a brick at a police vehicle); *United States v. Fischer*, No. 21-cr-234 (CJN), at *3-4 (D.D.C. Mar. 15, 2022) ("throwing an orange traffic cone and chair in the direction of the officers"); *United States v. Quaglin*, 1:21-cr-40 (shoving officers); *United States v. Lang,* 1:21-cr-53 (swinging, thrusting, and jabbing a baseball back at law enforcement officers multiple times).

There are no similar details in Brown's Statement of Facts. He is not accused of carrying or using a dangerous weapon or of engaging in violence with police. There are no allegations that anyone heard or acted on anything he said with a bullhorn or that his act of allegedly "pushing" others in the chaos impeded or obstructed any law enforcement officer, or was felt or seen by any law enforcement officer. Further, in McHugh the Court noted that "there has been extensive

discovery in this case." *Id.* That is not the case for Brown. The Government has only provided a small collection of videos that shed no more light on the charge and do not support the vague allegations in the Statement of Facts.

A bill of particulars serves three important functions: (1) to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, (2) to aid the Defendant in preparing his defense, and (3) to be protect the Defendant against double jeopardy. *Butler*, 822 F.2d at 1193. Here, Mr. Brown does not understand what act he is accused of doing that violated Section 231(a)(3), and accordingly, he does not understand the charge against him, and he cannot prepare his defense against it. From the Statement of Facts that lacks any overt act that seemingly violates the law, an ordinary person would not have an intuitive understanding of what is at issue at trial.

Moreover, because it is unclear which act his is being tried for, Mr. Brown has legitimate double jeopardy concerns. As the Court is well aware, hundreds of January 6 defendants have been charged with violating 18 USC 1512(c)(2), a statute that has also been subject to controversy regarding the nature of the "acts" that constitute a violation of the statute. *See United States v. Fischer,* 22-3038 (D.C. Cir. 2023). Mr. Brown seeks a bill of particulars prior to his trial to compel the Government to bring forth in one statement of facts with precision all "acts" performed by Mr. Brown in connection to January 6 that the Government considers unlawful so that Mr. Brown may prepare his defense on that set of facts and protect himself from the very real possibility of double jeopardy.

In *McHugh*, the Court actually recommended that "if McHugh has 'lingering confusion about the particular facts underlying the charged offense, the remedy would be a request for a bill of particulars, not dismissal.'" *Id.* (citing *United States v. Williams,* Crim. A. No. 21-0618 (ABJ), 2022 WL 2237301, at *8 (D.D.C. June 22, 2022)." Mr. Brown has legitimate confusion

about the particular facts underlying the charged offense that is lingering and substantial, and therefore a bill of particulars is appropriate.

## BILL OF PARTICULARS

Count One alleges that Brown committed an act or acts that violated 18 U.S.C. § 231(a)(3). Defendant respectfully moves the Court to order the Government to provide in the form of a bill of particulars the essential facts of (1) what act or acts were allegedly committed, and (2) how the act or acts violated 18 U.S.C. § 231(a)(3).

Dated: September 14, 2023

Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross, Esq.
BAR ID: MD 0126
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on

September 14, 2023

/s/ Jonathan Gross