UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        v.<br><br>TREVOR BROWN,<br><br>        Defendant. | Criminal Action No. 22-170 (CKK) |

**MEMORANDUM OPINION**
(January 4, 2024)

Defendant Trevor Brown is charged by indictment with one felony and three misdemeanor counts in connection with his conduct at the United States Capitol on January 6, 2021. *See* Indictment, ECF No. 30. Before the Court is Defendant's [84] Motion for a Bill of Particulars ("Motion" or "Mot."). Defendant requests that the Court order the Government to provide—in the form of a bill of particulars—the "act or acts the Government intends to prove constituted a violation of 18 U.S.C. § 231(a)(3)" on January 6, 2021. Mot. at 1.

Upon consideration of the briefing,[1] the relevant legal authorities, and the entire record, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's [84] Motion for a Bill of Particulars.

---

[1] The Court's consideration has focused on:
- Defendant's Motion for a Bill of Particulars, ECF No. 84;
- The Government's Opposition to Defendant's Motion for a Bill of Particulars ("Gov't's Opp'n"), ECF No. 87;
- Defendant's Reply to the Government's Opposition to Defendant's Motion for a Bill of Particulars ("Reply"), ECF No. 88;
- The Government's Statement of Facts in support of its Criminal Complaint, ECF No. 1-1 ("Statement of Facts"); and
- The Indictment, ECF No. 30 ("Indictment").

## I.   BACKGROUND

Defendant is charged by indictment with: (1) Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2; (2) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation 18 U.S.C. § 1752(a)(2); and (4) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D).

**A. Defendant's Alleged Conduct on January 6, 2021**

Defendant is one of hundreds of individuals charged with federal crimes for his conduct on January 6, 2021.  According to the Statement of Facts accompanying the Criminal Complaint, Defendant traveled from Novi, Michigan to Washington, D.C. on or about January 6, 2021 to protest the results of the 2020 Presidential election.  *See* Statement of Facts, ECF No. 1-1, at 2.  A variety of photos and videos depict Defendant at the front of a "crowd of rioters trying to push their way into the Capitol building." *Id.*; *see generally id.* at 2–13.  Specifically, Defendant is seen outside the Lower West Terrace of the Capitol building, assisting fellow rioters by "pushing" their way into the tunnel, "shouting into [a] bullhorn," and grabbing a riot shield and holding it up while two rioters step onto the shield. *Id.* at 7, 10.  Defendant was also among the few rioters who, after pushing to the front of the mob, succeeded in breaking through the police line in the tunnel.  *Id.* at 13.

The Statement of Facts also discusses the numerous social media posts published by Defendant following the Capitol riot on January 6th.  For instance, on January 6, 2021, Defendant posted on Facebook, stating: "The world is a stage & Jiu jitsu saved my life many times tonight." *Id.* at 3.  Another post, published on January 7, 2021, stated, *inter alia*: "People should be storming that Brothel we call the Capitol everyday for what goes on in there. . . .  We should have cleaned

2

that brothel out a long time ago. . . . It needs to get stormed every time they sell us out to some industry." *Id.* at 4. That same day, Defendant also wrote: "We the people need one more solid rally like this and CONgress will be forced to bow and be thrown out for not representing the will of the people and charged with crimes against humanity." *Id.* Defendant described his particular experience in three other social media posts: "Who knew the first time I'd go to DC I'd be storming the Capitol. –and make it in…"; "I made it into the Capitol. I almost died getting in but I made it."; and "I am the First person to breech the White House in 200 years[.]" *Id.* at 5.

### B. Procedural History

On June 25, 2021, the Government filed the Criminal Complaint. ECF No. 1. Defendant was arrested on July 1, 2021, and first appeared before Magistrate Judge G. Michael Harvey on July 14, 2021. *See* July 14, 2021 Minute Entry. The Government filed the Indictment on May 18, 2022. ECF No. 30. On June 3, 2022, Defendant pleaded "not guilty" to the charges in the Indictment. *See* June 3, 2022 Minute Entry. Defendant subsequently filed a *pro se* motion to dismiss the Indictment, which the Court denied. *See United States v. Brown*, 2022 WL 2828996, at *1 (D.D.C. July 20, 2022). On May 24, 2023, the Court held a plea hearing in this case. *See* May 24, 2023 Minute Entry. The Court rejected Defendant's attempted plea of "guilty," as the colloquy between the Court and Defendant indicated that Defendant's intent on January 6th, at least initially, was to share a "vision of peacefulness," which did not meet the "requirements and the elements" of the offense. Tr. 48:4–16, May 24, 2023. The case proceeded, with trial tentatively set for July 29, 2024. *See* ECF No. 71. On September 14, 2023, Defendant filed the pending Motion for a Bill of Particulars. ECF No. 84. The Government filed its opposition on September 29, 2023, *see* ECF No. 87, and Defendant filed his reply on October 6, 2023, *see* ECF No. 88. With the Motion now fully briefed, the Court turns to its resolution.

## II.      LEGAL STANDARD

Under the Federal Rules of Criminal Procedure, a "court may direct the government to file a bill of particulars."  Fed. R. Crim. P. 7(f).  A bill of particulars is "a formal written statement by the government that provides details of the charges in the indictment."  *United States v. Warnagiris*, 2023 WL 6926491, at *13 (D.D.C. Oct. 19, 2023) (PLF) (citing Charles A. Wright et al., *Federal Practice & Procedure* § 130 (5th ed. 2023)).  A bill of particulars "can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."  *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quoting *Untied States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)).  "[I]t is within the discretion of the trial court to determine whether a bill of particulars should be provided, and the court should grant a motion for a bill of particulars to the extent it believes it is <u>necessary</u> to allow the defendants to adequately prepare for and avoid surprise at trial."  *United States v. Sutton*, 2022 WL 1183797, at *2 (D.D.C. Apr. 21, 2022) (PLF) (emphasis in original) (quoting *United States v. Bazezew*, 783 F. Supp. 2d 160, 167 (D.D.C. 2011) (PLF)).

A bill of particulars, however, "may not be used by a defendant as a discovery tool or a device to preview the government's evidence or theory of the case."  *Sutton*, 2022 WL 1183797, at *2 (citing *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C 2012) (BAH)).  Rather, it is "designed to limit and define the government's case," *id.* (quoting *Sanford Ltd.*, 841 F. Supp. 2d at 317), and "enable the defendants to better understand the substance of the charges against them and to prepare for their defenses," *id.* (quoting *Bazezew*, 783 F. Supp. 2d at 167); *see also Mejia,* 448 F.3d at 445.

In ruling on a motion for a bill of particulars, "[t]he Court must strike a prudent balance

4

between the legitimate interests of the government and the defendant." *United States v. Manafort*, 2018 WL 10394893, at *1 (D.D.C. June 12, 2018) (ABJ) (citation and internal quotation marks omitted). The Court must weigh "the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information that are available to the defense." *United States v. Connell*, 2023 WL 4286191, at *2 (D.D.C. June 30, 2023) (PLF).

### III. DISCUSSION

Defendant moves for a bill of particulars as to Count One of the Indictment. *See* Mot. at 1. Count One charges Defendant with civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2. *See* Indictment, ECF No. 30, at 1. Defendant focuses on Section 231(a)(3). *See* Mot. at 1. That statute provides:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function . . . [s]hall be fined [] or imprisoned not more than five years, or both.

18 U.S.C. § 231(a)(3). Count One of the Indictment appears to mirror this language. *See* Indictment, ECF No. 30. It provides:

> On or about January 6, 2021, within the District of Columbia, [Defendant] committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of their official duties incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

*Id.* at 1. The parties dispute whether the Indictment on its own is sufficient to apprise Defendant of the conduct charged. *See* Reply at 1–3 (arguing the factual allegations in the Indictment are deficient); Gov't's Opp'n at 6–8 (arguing the Indictment is sufficient on its own). Because the

5

Court focuses on whether a bill of particulars is necessary based on the Indictment *and* information otherwise available to Defendant, its analysis does not consider whether the Indictment, on its own, is sufficient to provide the requisite notice to Defendant. *See, e.g.*, *Butler*, 822 F.2d at 1193 (stating a bill of particulars "is not required" if "the indictment is sufficiently specific, or if the requested information is available in some other form").

### A. The Indictment & Additional Available Information

As noted above, the Indictment in this case mirrors the language contained in Section 231. *See* Indictment, ECF No. 30, at 1.  Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment need only be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  While Defendant maintains that the Indictment is "plainly insufficient to put" him on notice of his allegedly unlawful act or acts because it merely recites the statutory language, Reply at 2–3, Defendant primarily contests the sufficiency of the Statement of Facts accompanying the Criminal Complaint, *see* Mot. at 3–5. Specifically, Defendant argues that the Statement of Facts "does not specify which 'act' Defendant committed that violated Section 231." Mot. at 3.  Defendant discusses the "nine 'acts'" attributed to him in the Statement of Facts and asserts that "it is not clear which of these 'acts,' if any, violated Section 231." *Id.* at 4.  As a result, Defendant "does not understand what act he is accused of doing that violated [the statute]," "does not understand the charge against him," "cannot prepare his defense against it," and has "double jeopardy concerns." *Id.* at 8.

In response, the Government addresses the specific allegations contained in the Statement of Facts, which, according to the Government, "spells out in considerable detail the basis for the charges against the defendant[.]" Gov't's Opp'n at 12.  Of relevance here, the Statement of Facts provides the following information:

6

(1) The criminal activity alleged occurred on January 6, 2021, in and around the United States Capitol Grounds;

(2) At approximately 4:11 p.m. that day, law enforcement officers stationed in the Lower West Terrance entrance of the Capitol building "apprehended [Defendant], who was at the front of a crowd of rioters trying to push their way into the Capitol building";

(3) Evidence from social media "indicating [Defendant's] participation in the riots, including breaching the Capitol building";

(4) Social media post from January 6, 2021, in which Defendant wrote "The world is a stage & Jiu jitsu saved my life many times tonight";

(5) Social media statements by Defendant in January 2021, stating, *inter alia*: "We the people need one more solid rally like this. . . .," "People should be storming that Brothel we call the Capitol everyday. . . .," "We should have cleaned that brothel out a long time ago," and "It needs to get stormed every time they sell us out to some industry";

(6) Additional social media statements by Defendant, stating: "Who knew the first time I'd go to DC I'd be storming the Capitol. –and make it in…"; "I made it into the Capitol. I almost died getting in but I made it"; and "I am the First person to breech the White House in 200 years . . . moments before";

(7) Video evidence purportedly taken by Defendant, indicating that Defendant was "outside the lower west terrace entrance to the Capitol building";

(8) Video evidence obtained during the investigation showing Defendant "outside the lower west terrace tunnel of the Capitol with a large crowd trying to push its way into the tunnel" while the tunnel "was being guarded by both Capitol police officers and a detachment of Metropolitan Police [] officers";

(9) Video evidence obtained during the investigation depicting Defendant with a bullhorn, "shouting" into it "as the crowd continues to push into the tunnel and assault the police officers";

(10) Video evidence obtained during the investigation depicting Defendant "pushing his way to the very front of the crowd trying to gain access to the tunnel," which involved going "up against the riot shields of the MPD officers" while "shouting into his bullhorn"; and

(11) Video evidence depicting Defendant reaching out to grab a riot shield, and, as it is "being held up," "two rioters . . . step onto the shield."

*See generally* Statement of Facts, ECF No.1-1. To further demonstrate that Defendant has been provided adequate notice, the Government then discusses the information contained in the plea letter agreement, which Defendant signed on May 16, 2023. Gov't's Opp'n at 14. The Statement of Offense attached to that agreement included, *inter alia*, the following information regarding Defendant's specific conduct:

7

    (1)    Defendant "positioned himself outside the Lower West Terrance entrance to the U.S. Capitol building"
    (2)    By 3:50 p.m., Defendant "had made his way to the front of the crowd near the Lower West Terrace tunnel";
    (3)    Defendant used a "bullhorn to shout at the officers and the crowd pushing toward the tunnel";
    (4)    By 3:57 p.m., Defendant "assisted the riotous mob confronting police officers by passing back a riot shield while other rioters stepped onto the shield";
    (5)    By 4:11 p.m., Defendant "pushed his way to the front of the crowd to confront police officers"; and
    (6)    Defendant "posted multiple statements concerning his conduct on social media later that same day."

*Id.* at 14–15.  Lastly, the Government describes the information Defendant has obtained and reviewed through discovery.  For instance, videos that depict Defendant "attempting to push his way into the tunnel with other rioters as a part of a 'heave-ho'"; using a "bullhorn to encourage other rioters"; and CCTV of Defendant "advancing towards the line of officers until he was apprehended by police."  *Id.* at 15.  Defendant has also received "photos, reports, social media postings, and other materials documenting his conduct on January 6, 2021[.]"  *Id.*  Accordingly, all of the information already provided to Defendant, in addition to the Indictment, "make[s] the relief sought in his Motion unnecessary."  *Id.* at 12.

        Defendant nonetheless argues that the additional information identified by the Government is still insufficient.  *See generally* Reply at 4–9.  First, Defendant states that the Government merely "regurgitated the factual allegations" in the Statement of Facts without "*any* indication of what *specifically* constitutes the act of allegedly obstructing, impeding, and interfering with a law enforcement officer."  *Id.* at 6 (emphasis in original).  According to Defendant, the Government's "vague contentions" fail to inform him what conduct he precisely engaged in that allegedly violated Section 231(a)(3).  *Id.* at 7; *see id.* at 6–7 (asking if Defendant's crime was "pushing," "encouraging," being "near" the vicinity, etc.).  As for the discovery, Defendant argues that the

8

"documents provided" do "not provide any guidance as to what conduct allegedly violates the statute," and the video evidence is "unclear and does little more than identify [Defendant] and indicate that" he was in fact "jumped on and thrown to the ground." *Id.* at 8. Finally, with respect to the plea agreement, Defendant states that he "clearly did not understand what he had signed," and notes that the Court rejected his plea of "guilty." *Id.* at 12. Defendant further suggests that the plea may have been rejected "because the allegations are so broad and vague that they cannot be understood without greater particularity." *Id.*

### B. Defendant Is Not Entitled To Additional Information Regarding His Alleged Physical Conduct

With respect to Defendant's alleged physical conduct, the Court finds that a bill of particulars is not necessary in this case because "the requested information is available in some other form," *Butler*, 822 F.2d at 1193, such as the Statement of Facts and Statement of Offense, as well as the various discovery Defendant has access to.

The Court begins by addressing Defendant's suggestion that the Court rejected his attempted plea of "guilty" "because the allegations are so broad and vague that they cannot be understood without greater particularity." *Id.* Not so. Having reviewed the transcript from the proceeding, *see* ECF No. 81, it is clear that Defendant's attempted plea was rejected because his statements in response to the Court's questioning contradicted the requirements and the elements of the offense, *see* Tr. 42:17–23, May 24, 2023 ("[Y]ou need to understand that the charge that you're pleading guilty to has you either obstructing or impeding or somehow interfering with law enforcement, which is contrary to trying to keep the peace—with law enforcement in terms of their goal of trying to keep the peace and to keep the rioters from going into the Capitol."); *id.* 48:5–10 ("I've learned not to accept pleas if they don't really meet the elements of the offense. And we don't have anything that indicates that he talks about where [he] made a mistake, his intent, the

9

vision when [he] was driving. [He] had a vision but in the moment wasn't able to fulfill it. He talked about his vision."); *id.* 46:1–4 ("[H]is purposes are still aligning himself, frankly, in terms of making the peace with the officers. So I don't think I can accept it at this point."). Therefore, the information contained in the plea agreement is still additional information that provides Defendant with details regarding the underlying conduct for which he is charged.

The Court is also not persuaded by Defendant's remaining contentions regarding his physical conduct. The Statement of Facts provides detailed allegations regarding Defendant's specific conduct during the Capitol riot, as well as the basis for these allegations. *See generally* Statement of Facts. And, through discovery, Defendant has access to videos, photographs, reports, social media posts, and other materials documenting his conduct on January 6, 2021. *See* Gov't's Opp'n at 15. Moreover, Defendant's statements suggest that he is primarily seeking for the Government to explain its theories and evidence of the case. *See, e.g.*, Mot. at 9 (requesting the Government to explain "what act or acts were allegedly committed" and "how the act or acts violated [Section 231(a)(3)"); Reply at 6–7 (asking if Defendant's crime was "pushing," "encouraging," being "near" the vicinity, etc.). However, a bill of particulars is "not a discovery tool," nor is it a "device for allowing the defense to preview the government's evidence." *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (ESH) (citing *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) (PLF)). Similarly, "[i]t is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial." *Id.* (quoting *Overton v. United States*, 403 F.2d 444, 446 (5th Cir. 1968)). Accordingly, the Court will not order the Government to "preview [its] theories [and evidence]." *Ramirez*, 54 F. Supp. 2d at 29.

**C. Defendant Is Entitled To Additional Information Regarding His Alleged Speech**

While Defendant is not entitled to information from the Government clarifying which physical act(s) in particular violated Section 231(a)(3), or how such act(s) violated Section 231(a)(3), Defendant is entitled to information from the Government clarifying whether his speech is the "act," or one of the "acts," allegedly committed that constituted civil disorder. *See United States v. Mostofsky*, 2021 WL 3168501, at *3–4 (D.D.C. July 27, 2021) (JEB) (requiring the Government to provide additional information regarding the alleged "act" as "[defendant's] guilt may well depend on" whether the "act" was "nonviolent speech" or "[an] act that includes violence").

In his reply, Defendant expresses concerns that the Government is "criminalizing speech" as the Government alleges that Defendant "held and used" a bullhorn.[2] Reply at 12. This argument does have merit. As evinced above, the Government's allegations in the charges against Defendant do involve speech, in addition to physical conduct. *See* Gov't's Opp'n at 13 (discussing Defendant's social media posts, including his statements involving "heave-ho"); *id.* (discussing Defendant "shouting into a bullhorn"); *id.* at 14 (discussing Defendant's use of the bullhorn "to shout at the officers and the crowd pushing toward"). Because the Government's allegations do involve Defendant's speech, Defendant is entitled to information from the Government that specifies whether the "act" or "acts" underlying the civil disorder charge is Defendant's speech or Defendant's physical conduct on January 6, 2021, or both. *See Mostofsky*, 2021 WL 3168501, at *3–4; *see also Warnagiris*, 2023 WL 6926491, at *15 (denying bill of particulars detailing the "act" as defendant did not assert "that he may have an as-applied First Amendment claim depending on the 'act' underlying the civil disorder charge").

---

[2] Defendant also suggests that the Government may "be prosecuting thought itself." *See* Reply at 12. The Court sees no basis for this allegation, nor does Defendant truly address this allegation in his reply. *See generally id.*

11

In sum, the Court concludes that Defendant is not entitled to additional information from the Government regarding the specific physical actions he allegedly committed during the Capitol riot on January 6, 2021.  However, to adequately prepare his defense, Defendant is entitled to a bill of particulars that clarifies whether the conduct underlying the civil disorder charge is his speech, in addition to or in lieu of his other conduct.  *See, e.g.*, *Mostofsky*, 2021 WL 3168501, at *4.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's [84] Motion for a Bill of Particulars is **GRANTED IN PART** and **DENIED IN PART**.  The Court will not require the Government to provide additional information regarding Defendant's physical conduct during the Capitol riot on January 6, 2021.  However, the Government shall prepare a bill of particulars clarifying whether the "acts" underlying the civil disorder charge involve Defendant's speech.  An appropriate order accompanies this Memorandum Opinion.

Dated: January 4, 2024

                                                                          /s/
                                                            COLLEEN KOLLAR-KOTELLY
                                                            United States District Judge