# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:22-cr-170 |
| ) | |
| BROWN ) | |
| _____) | |

## MOTION TO DISMISS COUNT ONE FOR SELECTIVE PROSECUTION

Trevor Brown, by and through counsel, moves to dismiss Count One of the indictment.

As January 6 prosecutions enter their fourth year, the Government is still actively arresting peaceful protestors who were merely present on January 6 and charging them with multiple misdemeanors and in some cases felony charges. On the other hand, the Government has not shown the same zeal in prosecuting protestors and rioters for Black Lives Matter or pro-Palestinian causes who engaged in similar or worse conduct than January 6 defendants.

There is no justification for the unprecedented selective prosecution of January 6 defendants. At least one member of the Metropolitan Police Department has expressed that the Government is targeting January 6 defendants for political reasons and has turned a blind eye to Black Lives Matter rioters who committed life-threatening assaults on police that caused serious bodily harm. *See* Exhibit A (filed under seal). As of the filing of this motion, protestors on colleges campuses across the country are engaged in illegal protests, including violent confrontations with law enforcement, trespassing, and threats of violence towards Jewish students, yet the Federal Government has not taken steps to arrest these protestors and charge them with felonies.

On April 12, 2024, Justices Thomas, Alito, and Gorsuch all expressed suspicion during oral argument that the Government has selectively applied felony charges to January 6 defendants where similarly situated defendants were not charged. On March 26, 2024, Judge Trevor

1

McFadden of this Court admonished the Government for selectively targeting January 6 defendants "as a class." *United States v. Seefried*, 1:21-cr-00287 (TNM), 2024 WL 1299371, at *7 (D.D.C. Mar. 26, 2024). In that case, the Government openly admitted that they believe January 6 defendants should be treated more harshly than other similarly situated defendants because of their alleged views regarding a "fiercely contested presidential election" and a "political maelstrom." *Id.* Judge McFadden rightly rejected this "fact-free approach." *Id.*

Mr. Brown, like many January 6 defendants, has been charged with 18 U.S.C. § 231(a)(3), a felony charge punishable with up to five years in prison. It is undisputed that the Government has selectively enforced this rarely applied statute against January 6 defendants. On February 23, 2023, pursuant to a court order, the Government released a spreadsheet setting forth all the cases from each of the 94 federal judicial districts in which the United States Attorney's Office chose to charge a defendant with 18 U.S.C. § 231(a)(3) between January 6, 2020, and January 6, 2022. *United States v. Mehaffie*, 1:21-cr-40, ECF Nos. 538-1, 538-2. The data reveal that in the two-year period, in the 93 federal districts other than the District of Columbia, the Government charged a total of 65 defendants with Section 231(a)(3). During that same time period, the Government charged 206 defendants with Section 231(a)(3) in the District of Columbia alone, all of them after January 6, 2021. In other words, after January 6, 2021, there were more than three times as many defendants charged with Section 231(a)(3) in the District of Columbia as there were in the rest of the country combined in a two-year period.

Since January 6, 2021, the Court of Appeals for the District of Columbia recognized a plausible allegation of selective prosecution of political protestors when compared with Black Lives Matter protestors who engaged in similar or worse conduct. *Frederick Douglass Found. v. Dist. of Columbia*, 82 F.4th 1122 (D.C. Cir. 2023). The court held that a "selective enforcement

2

claim has two elements: a plaintiff must demonstrate (1) he was similarly situated in material respects to other individuals against whom the law was not enforced, and (2) the selective enforcement infringed a constitutional right." *Id.,* at 1136. "A defendant may demonstrate that the administration of a criminal law is 'directed so exclusively *against a particular class of persons* . . . with a mind so unequal and oppressive' that the system of prosecution amounts to 'a practical denial' of equal protection of the law." *United States v. Armstrong*, 517 U.S. 456, 464-65 (citing *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886)) (emphasis added). As Judge McFadden stated, the Government considers January 6 defendants like Mr. Brown to be a particular class deserving of harsher enforcement of the criminal law. This is quintessential viewpoint discrimination under the *Frederick Douglass/Armstrong* standard.

There are thousands of similarly situated comparators that demonstrate the Government's selective prosecution of Mr. Brown. Mr. Brown is charged with 18 U.S.C. § 231(a)(3), which according to the language of the statute can be brought against a person for committing or attempting to commit "any act" that obstructs, interferes, or impedes with a law enforcement officer responding to a "civil disorder." For example, in Minneapolis, after the infamous George Floyd riot of 2020, the Government only charged a single individual with 18 U.S.C. § 231(a)(3). *Mehaffie*, 1:21-cr-40, ECF No. 538-1. During that riot, CNN provided live coverage as the cheering mob gathered and hurled fireworks at the Third Precinct Police Station as it burned in flames. CNN's law enforcement expert reported:

> Police had made a calculated decision that they are not going to enforce what we are seeing behind us. There is fire being set to the police department as you can hear what's going on behind us, there are fireworks going off, people climbing up the side of the building. They made the calculated decision that they are not going to stop people from doing that. I think the reason is they know that any type of police presence here is going to be met with aggression and agitation by this crowd that is clearly unhappy. We were just three blocks away at a financial institution that was on fire. The fire department was there but they were keeping a distance,

3

> they were not moving in to fight this fire, not wanting to put themselves in jeopardy or danger from this crowd that was clearly agitated . . . They are going to let this building burn . . . They know the decision right now is you lose a building, or you lose lives, potentially.[1]

The video shows that the Police were obstructed, impeded, and interfered with while responding to the civil disorder. If the January 6 standard of prosecution were applied equally, the Government would still be hunting down and arresting every individual in that crowd and charging them with 18 U.S.C. § 231(a)(3). But a different standard was applied, and the Government did not treat the participants in the riot in the same manner as they treated Mr. Brown and other January 6 defendants.

No district outside of the District of Columbia had more than six charges of civil disorder during the time period that saw Black Lives Matter riots in cities across the country, except for Oregon, where the riots lasted weeks and a federal courthouse was attacked and set on fire. Even there, the Government only charged 19 people with 18 U.S.C. § 231(a)(3). During the Portland riots, federal law enforcement was "subjected to physical assault, threats, aerial fireworks including mortars, high intensity lasers targeting officer's eyes, thrown rocks, bottles and balloons filled with paint, and vulgar language from demonstrators while performing their duties." *United States v. Carubis,* 3:20-cr-332, ECF 1-1, at 3-4 (D. Oregon July 13, 2020). On July 11, 2020, two weeks into the Portland riots, Edward William Carubis assaulted federal law enforcement officers by shining a laser into the eyes of at least one federal officer, causing damage to the officer's vision. *Id.* Carubis was not charged with 18 U.S.C. § 231(a)(3), even though the FBI affidavit expressly states that his actions impeded and interfered with police during the civil disorder. *Id.* at 2. Carubis spent three days in jail following his arrest, was offered and accepted a plea deal to a

---

[1] CNN reporter says 'zero' police presence as Minneapolis precinct burns - YouTube, www.youtube.com/watch?v=505lAvIGCj0.

single misdemeanor, and he was sentenced to time served with no additional probation or supervised release and a $25 fine.[2] *Id.* at ECF 64. If Carubis had committed the exact same act at the Capitol on January 6, 2021, there is no question that the prosecution would have been different, to say the least.

Also in Portland, Rowan Olsen "impeded, and interfered with FPS and USMS during the performance of their official duties in protecting federal property, namely the Mark O. Hatfield Federal Courthouse." *United States v. Olsen,* 3:20-cr-204, ECF 1-1, at 5 (D. Oregon July 4, 2020).

> Olsen entered onto the federal property and used his body to push on and hold a door being used by officers closed preventing the officers from exiting the building. These actions contributed to the glass door breaking, injuring a Deputy US Marshal, and compromised the security integrity of the Federal Courthouse. With the door broken, officers were subject to projectiles from demonstrators, to include a mortar firework which detonated amongst them. Officers used a riot shield and their bodies to block the open doorway for approximately six hours until the demonstrators were dispersed, and the broken door replaced with plywood.

*Id.* Incredibly, Olsen was not one of the 19 rioters charged with obstructing law enforcement, even though he quite literally used his body to obstruct officers. Instead, he was charged with three class C misdemeanors, all of which were ultimately voluntarily dismissed by the Government for no apparent reason. *Id.*

In the District of Columbia, during a riot on June 19 and 20, 2020, Jason Charter was caught on video setting fire to a historic monument in a restricted area adjacent to the White House complex, just days after the President of the United States had to take shelter in the White House for the first time since 9/11. *United States v. Charter*, 1:20-cr-135, ECF 38. "Dozens of law enforcement officers from the United States Park Police and the Metropolitan Police Department

---

[2] Man who pointed laser at officers outside Portland's federal courthouse gets time served (oregonlive.com), https://www.oregonlive.com/crime/2023/01/man-who-pointed-laser-at-officers-outside-portlands-federal-courthouse-gets-time-served.html?outputType=amp.

[were required] to respond to Lafayette Park to secure the park and the safety of the persons and property therein." *Id.* Charter was ultimately charged with only misdemeanors.

In each and every city where George Floyd/Black Lives Matter riots occurred, there were literally thousands of similarly situated comparators who were not arrested or charged at all and were not investigated or surveilled. These riots were among the worst in United States history, causing an estimated $2 billion in damage[3] and claiming the lives of at least 17 people, and law enforcement personnel, including a federal officer[4] and retired Police Officer David Dorn who was shot dead at point blank range. The inescapable conclusion is that if those defendants had committed the same acts on January 6, they would have been treated differently, just as if Mr. Brown had committed the same acts that he is accused of[5] during another riot where a different viewpoint was expressed, Mr. Brown would most likely not have been charged at all. Mr. Brown is not being targeted for his individual conduct, because he is viewed by the Government as part of a class of January 6 defendants who expressed a particular viewpoint. Under *Frederick Douglass*, this approach is impermissible. Accordingly, Count I should be dismissed.

## CONCLUSION

For the reasons stated herein, Count I should be dismissed.

---

[3] Vandalism, looting following Floyd death sparks at least $1B in damages nationwide: report | The Hill, https://thehill.com/homenews/news/516742-vandalism-looting-after-floyd-death-sparks-at-least-1-billion-in-damages-report/.

[4] Authorities identify federal officer killed in Oakland during George Floyd protest (nbcnews.com) https://www.nbcnews.com/news/us-news/authorities-identify-federal-officer-killed-oakland-during-george-floyd-protest-n1220516.

[5] Which are themselves vague and have not even been identified by the Government, with Mr. Brown merely placed near the scene where *others* committed violent acts.

<table>
<tr><td>Dated: May 5, 2024</td><td>Respectfully submitted,</td></tr>
</table>

/s/ Eden P. Quainton
Eden P. Quainton
Bar No: NY 23017
Quainton Law, PLLC
2 Park Ave., 20th Fl.
New York, NY 10016
(212) 419-0575
eden.quainton@quaintonlaw.net


<u>/s/ Jonathan Gross</u>
Jonathan Gross, Esq.
BAR ID: MD 0126
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on

May 5, 2024

/s/ Jonathan Gross

7