UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-cr-170 (CKK) |
| v. : | |
| : | |
| TREVOR BROWN : | |
| : | |
| : | |
| Defendant. : | |

## MOTION TO EXCLUDE THE PROPOSED EXPERT TESTIMONY OF DEFENDANT TREVOR BROWN AND SERGEANT ANTHONY FAWAZ

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves to exclude the defendant's proposed expert testimony of Trevor Brown, the defendant in the instant case, and Sergeant Anthony Fawaz. The defendant should be barred from presenting the proposed expert testimony for four reasons. First, the defendant has not satisfied the expert notice requirement of Rule 16 of the Federal Rules of Criminal Procedure. Second, the "opinions" disclosed by the defendant and Sgt. Fawaz are not expert opinions under Federal Rules of Evidence 702. Third, the defendant's proffered expert testimony as to his ultimate guilt or innocence should not be allowed under established D.C. Circuit precedent. Finally, the defendant's dual expert and lay testimony prejudices the Government, has a high potential for jury confusion; and the defendant's expert testimony will be unreliable because he has a clear interest in the outcome of these proceedings.

Alternatively, if the Court finds that it does not yet have sufficient information in the record to exclude the defendant, the United States requests a *Daubert* hearing.[1]

---

[1] "[I]f necessary, [a c]ourt shall consider a request that a *Daubert* hearing be held to evaluate [the expert's] proffered testimony." *Sloan v. Urban Title Servs., Inc.*, 770 F. Supp. 2d 227, 238 (D.D.C. 2011).

I. **BACKGROUND**

On January 6, 2021, the defendant participated in the breach of the U.S. Capitol. In the aftermath of the riots, the defendant authored several social media posts. In particular—and central to the present motion—one Facebook post made on the evening of January 6, 2021, stated, "The world is a stage & Jiu jitsu saved my life many times tonight." (Figure 1).



*Figure 1: Screenshot of a Facebook post authored by the defendant on January 6, 2021.*

The defendant is charged in four count Indictment with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. 5104(e)(2)(D).

On April 8, 2024, the defendant provided the government with timely notice of his intent to call two expert witnesses: himself (ECF 95, attached as Attachment A) and Sergeant Anthony Fawaz (ECF 94, attached as Attachment B). These notices gave a brief summary of each proffered expert's proposed testimony but did not offer any detail. Attachments A and B provide a cursory description of the defendant and Sgt. Fawaz's purported expert testimony about Jiu Jitsu and a brief recitation of their training, education, and experience in Jiu Jitsu, stylized as a "CV." On April 28, 2024, the Government received the defendant's expert report via e-mail from defense

counsel (Attachment C). Attachment C is a two-page report authored by the defendant which briefly summarizes the defendant's "expert opinions" about the sport of Jiu Jitsu. However, as described further below, it fails to detail any opinions that are appropriate for expert testimony. As of May 6, 2024, the Government has not received an expert report for Sgt. Fawaz from the defendant.

## II.   APPLICABLE LAW

### A.   Admissibility of Expert Testimony

Federal Rules of Evidence 702, 703, and 704 establish the basic parameters for expert witness testimony. Rule 702 permits a witness who is qualified as an expert to testify in the form of an opinion if the "expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. To be admissible at trial, expert testimony "must be helpful to the trier of fact" and cannot serve to "merely tell the jury what result to reach." Fed. R. Evid. 704, Advisory Committee Notes. Applying these rules, the Supreme Court has held that expert testimony must be excluded if: (1) it is not reliable; or (2) it is not relevant. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) (observing that Rule 702 assigns to the trial judge the task of ensuring "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."). This test ensures that each testifying expert, "whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). An expert's opinion testimony will be excluded as unreliable if the expert is unqualified to provide the opinion, if the expert did not base the opinion on sufficient facts or data or employ reliable methods and principles, or if the expert did not reasonably apply appropriate methods and

principles to the facts of the case. Fed. R. Evid. 702 (requiring expert testimony to meet these standards); *see Kumho Tire*, 526 U.S. at 155-56 (affirming exclusion of expert testimony based upon unreliable methodology); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F.Supp.3d 14, 53 (D.D.C. 2017) (Friedman, J.) (excluding opinion testimony that exceeded the scope of the expert's expertise).

In a criminal case, Rule 704 further prohibits an expert from providing an opinion "about whether the defendant did or did not have a mental state . . . that constitutes an element of the crime charged." Fed. R Evid. 704(b). Rather, "[t]hose matters are for the trier of fact alone." *Id*. An expert also may not testify to legal conclusions, as such testimony does not properly assist the jury in understanding the evidence or determining any fact at issue—Rule 702's stated purpose for allowing expert testimony. *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) ("Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect, and thus it is not 'otherwise admissible' [under Rule 704].").

### B. Fed. R. Crim. P. 16 and Expert Witness Disclosure Requirements

Rule 16(b)(1)(C) governs the content of the required disclosures a defendant must make to use expert testimony at trial: "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)(1)(C)(i) and (iii). The witness must approve and sign the disclosure, unless the defendant: (1) states in the disclosure why it could not obtain the witness's signature through reasonable efforts; or (2) has previously provided under Section F, a report, signed by the witness, contains all the opinions and the bases and reasons for them required by

4

law. Fed. R. Crim. P. 16(b)(1)(C)(v). Failure to comply with these disclosure requirements provides a sufficient independent basis for excluding the expert's testimony at trial. *United States v. Day*, 524 F.3d 1361, 1370-71 (D.C. Cir. 2008) (affirming district court's exclusion of expert testimony for this reason).

### III.     ARGUMENT

The defendant should be barred from presenting the proposed expert testimony because (1) he has not satisfied the expert notice requirement of Rule 16 of the Federal Rules of Criminal Procedure, (2) the "opinions" disclosed by the defendant and Sgt. Fawaz are not expert opinions consistent with FRE 702, (3) the defendant's proffered expert testimony as to his ultimate guilt or innocence exceed the bounds of proper expert testimony, and (4) the defendant's dual expert and lay testimony prejudices the Government, has a high potential for jury confusion; and the defendant's expert testimony will be unreliable because he has a clear interest in the outcome of these proceedings.

> **A.     Defendant's Expert Notices Should be Excluded Because the Notice and Disclosure Fail to Comport with Rule 16.**

The defendant's disclosures fall far short of the requirements prescribed by Rule 16(b)(1)(C)(iii) and (v). The content of defendant's disclosures is wholly insufficient. The defendant has provided nothing more than a name, a list of training and experience (styled as a "CV"), and a generalized and cursory "notice" and "report" that fails to detail any opinions that are appropriate for expert testimony. As to Sgt. Fawaz, the defendant has failed to provide the witness's qualifications, any publications about Jiu Jitsu that Sgt. Fawaz has authored in the previous 10 years, and a list of all other cases in which Sgt. Fawaz has testified as an expert in Jiu Jitsu at trial or by deposition during the previous 4 years. In fact, there is no indication whether

5

Sgt. Fawaz has *ever* testified as an expert or served as consultant in Jiu Jitsu in any case. The same can be said regarding the notice relating to the defendant's own expert testimony. The defendant himself conceded that he has never testified as a witness. *See* Attachment C at 2 ("I have never testified as an expert before[.]").

Likewise, the defendant failed to provide the Government with a "complete statement of all opinions" of the defendant and Sgt. Fawaz and the "bases and reasons for" their alleged expert opinions. Fed. R. Crim. P. 16(b)(1)(C)(iii). Rather than provide a detailed report of expert analysis and the bases and reasons for that analysis and/or expert opinion, the defendant has submitted to the Court subjective and generalized descriptions of the sport of Jiu Jitsu. *See* Attachment C at 1 ("Jiu Jitsu helps one stay calm and collected with rational thinking even under the most extreme circumstances and pressures. It is a peaceful art that is used by practitioners to promote safety to oneself and others especially in crisis situations"); Attachment B, Notice of Expert Witness at 1 ("Sergeant Fawaz will provide expert testimony regarding how training in Jiu Jitsu can save a person's life and is meant for self-defense and the use of Jiu Jitsu is not an indicator of aggression."). To that end, both the defendant's and Sgt. Fawaz's reports and notices give no detail indicating any specific training or expertise in Jiu Jitsu that would have a nexus to this case, aside from a self-serving social media post authored by the defendant in the aftermath of the January 6 riot. The defendant provides no explanation, bases, or reasons whatsoever on how expert testimony about the sport of Jiu Jitsu or its purported peacefulness connects with the defendant's conduct on January 6 at all, nor is an expert opinion ever drawn in any of the defendant's filings. Furthermore, describing Jiu Jitsu as an art that "uses the path of least resistance to cause minimal damage to others" is not an "expert opinion" as the law contemplates it. Attachment B at 1.

Finally, pursuant to Rule 16(b)(1)(C)(v), the witness must approve and sign the disclosure unless the defendant: "states in the disclosure why the defendant could not obtain the witness's signature through reasonable efforts[.]" While there seems to be an electronic signature in the defendant's expert disclosure, there is no signature whatsoever on Sgt. Fawaz's disclosure and the defendant has not provided any reason as to why he could not obtain Sgt. Fawaz's signature through reasonable efforts. Therefore, it should not be accepted by the Court.

The defendant's submission is facially deficient and falls far short of providing sufficient expert disclosure pursuant to Rule 16(b)(1)(C). Respectfully, these failings alone form a sufficient basis to grant the Government's motion and to exclude both the defendant and Sgt. Fawaz as expert witnesses in this case.

### B. The "Opinions" Disclosed by the Defendant and Sgt. Fawaz are Not Expert Opinions Under FRE 702.

An expert's testimony must be "based upon sufficient facts or data" and must also be "the product of reliable principles and methods," applied "reliably to the facts of the case." Fed. R. Evid. 702. Yet here, the defendant and Sgt. Fawaz's proffered expert testimony consists primarily of, and relies upon, the unsupported conclusions, untethered from the facts of this case, that "the use of Jiu Jitsu is not an indicator of aggression" (Sgt. Fawaz, Attachment B at 1) or "cause[s] minimal damage to others" (*id.*). The defense has therefore failed to establish a proper basis for *opinion* testimony that could be relevant to this case. *See id.*

Assuming (although the information provided does not provide sufficient information to determine) that Sgt. Fawaz and the defendant are accomplished in the sport of Jiu Jitsu, there remains no basis the proffered opinions: the defendant's opinion that Jiu Jitsu is a "peaceful art" (Attachment C at 1) and Sgt. Fawaz's opinion that the sport is "not an indicator of aggression"

7

(Attachment B at 1) are not "the product of reliable principles and methods." Fed. R. Evid. 702. Indeed, it does not appear to be the product of any principles or methods at all. Instead, the proffered testimony inappropriately "rests solely on 'subjective belief or unsupported speculation[.]'" *Groobert v. President & Directors of Georgetown Coll.*, 219 F. Supp. 2d 1, 6 (D.D.C. 2002) (citing *Daubert*, 509 U.S. at 590); *see also, e.g., DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) (concluding that the expert "could not testify as an expert that [a party] had a particular motive"); *Sykes v. Napolitano*, 634 F. Supp. 2d 1, 9 (D.D.C. 2009) (rejecting expert opinion where a party "attempts to offer, as 'expert testimony,' the conclusion that [a government agent] had bad motives" and concluding that "[t]his is not expertise[;] [the expert] offers only his lay opinions about the credibility of others he has never even met").

Not only are the defendant and Sgt. Fawaz's conclusory opinions are based solely on speculation, but they also are rooted in what appears to be an incomplete review of the government's evidence. *See* Attachment C at 1 ("In preparation of this report, I reviewed the Government's statement of facts. I also based my opinion on my personal recollections of the events."). In fact, although the notice is unclear, it may be that the defendant has offered Sgt. Fawaz's expert opinion in advance of Sgt. Fawaz reviewing any of the evidence in this case at all. *See* Attachment B at 1 ("Sergeant Fawaz *will* base his opinions on . . . a review of the evidence provided by the Government in discovery[.]") (emphasis added). The defendant's notices and disclosure are insufficient to qualify either the defendant or Sgt. Fawaz as experts qualified to render the proposed expert testimony in this case. Both should be barred from doing so.

      C.      **Trevor Brown and Sgt. Fawaz's Opinions as to the Defendant's Guilt or Innocence Exceed the Bounds of Proper Expert Testimony**

The defendant's claimed "expert" opinions amount to nothing more than his personal insistence that he is not guilty of the charged crimes because he lacked the requisite mental state. Attachment C at 2 ("[I]t is my opinion that Jiu Jitsu is a peaceful art, and that I used it on January 6, 2021, to promote the safety of myself and others around me, including law enforcement" and "I conclude that I used Jiu Jitsu in a manner consistent with its intended purpose, which is to promote the safety of others") as well as at 2 ("My Overall opinion in this matter is that Jiu Jitsu helps one stay calm and collected with rational thinking even under the most extreme circumstances and pressures. It is a peaceful art that is used by practitioners to promote safety of oneself and others especially in crisis situations."). This, however, is explicitly prohibited under Federal Rule of Evidence 704(b), which states, "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evidence 704(b). Mr. Brown should be precluded from offering naked assertions of lack of guilt under the guise of providing an "expert" opinion about Jiu Jitsu.

Indeed, while a qualified expert using reliable facts and methodology may opine as to issues to be ultimately determined by the trier of fact, the D.C. Circuit has made clear that "an expert may not testify on the ultimate question of guilt or innocence." *United States v. Boney*, 977 F.2d 624, 630 (D.C. Cir. 1992); *accord United States v. Sobin*, 56 F.3d 1423, 1427–28 (D.C. Cir. 1995) (noting that "an expert is forbidden to offer" an opinion as to "the ultimate question of guilt or innocence"); *see also United States v. Lockett*, 919 F.2d 585, 590 (9th Cir.1990) ("A witness is not permitted to give a direct opinion about the defendant's guilt or innocence."); *United States v. Masson*, 582 F.2d 961, 964 n. 5 (5th Cir.1978) (holding that trial judge correctly refused to permit defendant's attorney to ask witness whether he believed the defendant was guilty). Defendant's

effort to provide "expert" testimony concerning his mental state while at the U.S. Capitol on January 6 should be precluded.

Sgt. Fawaz's proffered "expert" opinion fares no better. Indeed, as noted above, the defendant has to date failed to provide the requisite report articulating Sgt. Fawaz's expert opinion, the bases and reasons supporting any such opinion, and the relevance of any such opinion to the facts of this case. Rather, with respect to Sgt. Fawaz's proposed testimony, the defendant has provided nothing more than a general description of Sgt. Fawaz's beliefs about Jiu Jitsu that remains wholly untethered to the facts of this case. *See* Attachment B at 1 ("Sergeant Fawaz will provide expert testimony regarding how training in Jiu Jitsu can save a person's life and is meant for self-defense and the use of Jiu Jitsu is not an indicator of aggression."). Even worse, however, nothing provided to date suggests that Sgt. Fawaz has actually watched videos of the defendant's conduct on January 6, 2021, or has reviewed any other evidence from which he could form an opinion about Brown's use of Jiu Jitsu on January 6 or conclude that the defendant acted in self-defense. Absent such information, the defendant has failed to demonstrate that any opinion offered by Sgt. Fawaz would be admissible or relevant, let alone useful to the trier-of-fact. The defendant should be barred from offering Sgt. Fawaz's testimony.

    **D.**    **Trevor Brown's Dual Expert and Lay Testimony Prejudices the Government, has a High Potential for Jury Confusion, and will be Unreliable because he has a Clear Interest in the Outcome of this Proceeding.**

There is no blanket bar to dual testimony as both a fact and expert witness. *See United States v. Sutton*, 642 F. Supp. 3d 57, 77 (D.D.C. 2022); *United States v. Catlett*, 97 F.3d 565, 571 (D.C. Cir. 1996) ("[E]very federal court to consider the issue of dual testimony as both a fact and expert witness has concluded that the Federal Rules of Evidence permit such testimony."). However, another court in this District has cautioned that in some cases, "[a] 'two-hatted' witness

10

providing closely related lay and expert opinion testimony" presents special risks due to the "aura of special reliability and trustworthiness surrounding expert testimony." *Phoenix Restoration Grp., Inc. v. Liberty Mut. Grp. Inc.*, No. CV 18-2121 (BAH), 2020 WL 622152, at *4 (D.D.C. Feb. 10, 2020) (internal quotations and citations omitted). As this Court points out, dual testimony can require the "mental gymnastics of the jurors in determining when [the witness] was testifying as an expert and when he was not, risking confusion." *Id.* (citing *United States v. Williams*, 827 F.3d 1134, 1160 (D.C. Cir. 2016)).

In fact, concerns about jury confusion may require, under Rule 403, "the exclusion altogether of, or imposition of strict scope limits on, the expert portion of a hybrid witness's testimony or the use of other procedural safeguards against jury confusion." *Sutton*, 642 F. Supp. 3d at 77 (quoting *Phoenix Restoration Grp., Inc.*, 2020 WL 622152, at *4).

However, as clearly demonstrated in the instant case, the risk of confusion and prejudice is further compounded when the "expert witness has a clear interest in the outcome of the proceeding" and the witness's reliability is thrown into question. *Phoenix Restoration Grp., Inc.*, 2020 WL 622152, at *4. To prevent this, courts have often prevented parties themselves from testifying in a dual expert-lay capacity. *Id.* (citing *Ordon v. Karpie, 273 F. App'x* 27, 30 (2d Cir. 2008) (affirming decision excluding plaintiff physician from testifying as his own medical expert, pursuant to Rules 702 and 403, because he was " 'too intertwined with the facts of [the] case ...' to 'assist the trier of fact to understand the evidence or to determine a fact in issue' " and his testimony " 'would be more prejudicial than probative because of the difficulty of separating [the plaintiff's] lay testimony about why he approached the surgery as he did from his expert testimony about what a competent professional would have done in the same circumstances' " (quoting *Ordon v. Karpie*, 543 F. Supp. 2d 124, 128 (D. Conn. 2006))); *Proteus Books Ltd. v. Cherry Lane*

11

*Music Co.*, 873 F.2d 502, 515 (2d Cir. 1989) (upholding decision not to allow party to testify as an expert); *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 293 F. Supp. 3d 77, 81 (D.D.C. 2018) (determining that pro se parties could not serve as expert witnesses)).

The defendant should be barred from testifying as an expert because there is a significant risk of jury confusion, and the probative value is *not* substantially outweighed by the danger of unfair prejudice. In addition, the defendant's expert testimony will be unreliable because he has a "clear interest" in the outcome of this proceeding. Furthermore, the defendant's "expertise" is too intertwined with the facts of this case. The defendant all but acknowledges this fact himself in his expert report, claiming that the foundation for his expert opinion is partly based on his "personal recollections of the events [of January 6, 2021]." Attachment C at 1.[2] In the Government's view, his "expert testimony" as to the sport of Jiu Jitsu is more prejudicial than probative because it will be difficult to separate his lay testimony (his experiences at the Capitol) from his expert testimony about what a "competent professional would have done in the same circumstances." *Phoenix Restoration Grp., Inc.*, 2020 WL 622152, at *4 (internal citation omitted). This creates a dangerous situation where a jury may unduly credit the defendant's testimony and engage in the "mental gymnastics" of separating the defendant's expert testimony from his lay testimony. Compounded with his obvious interest in the outcome of this case, the defendant should be barred from testifying as an expert in his own criminal trial.

---

[2] Given that the subject matter of the defendant's putative "expert" testimony is rooted in his observations on and recollections of the events of January 6, 2021, the defendant would necessarily be subject to (and open the door to) cross-examination concerning his conduct that day.

## CONCLUSION

The defendant seeks to elicit inadmissible opinion testimony from improperly noticed putative expert witnesses. Based on the defendant's scant disclosures and incomplete expert reports, the Court should exclude the defendant and Sgt. Fawaz's inadmissible opinions outright. Alternatively, the Court should conduct a *Daubert* hearing to further assess the admissibility of this testimony.

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              United States Attorney
                              D.C. Bar No. 481052

By:   */s/ Julie Bessler*
        JULIE BESSLER
        Assistant United States Attorney
        United States Attorney's Office for the
        District of Columbia
        Pennsylvania Bar No. 328887
        Julie.bessler@usdoj.gov

        */s/ Craig Estes*
        CRAIG ESTES
        Assistant United States Attorney
        United States Attorney's Office for the
        District of Columbia (detailee)
        Massachusetts Bar No. 670370
        craig.estes@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2024, the foregoing document was filed electronically with the Clerk of the Court using the ECF system, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

*/s/ Julie Bessler*
JULIE BESSLER
Assistant United States Attorney