# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

TREVOR BROWN,

    Defendant.

Criminal Action No. 22-170 (CKK)

## ORDER
(June 10, 2024)

Trial is set to begin in this case on July 29, 2024. Pending before the Court is the Government's [99] Motion to Exclude the Proposed Expert Testimony of Defendant Trevor Brown and Sergeant Anthony Fawaz ("Motion" or "Mot."). Defendant has not filed a response to the Government's Motion.

On April 8, 2024, Defendant provided two expert notices. *See* ECF No. 94; ECF No. 95. The first notice indicated Defendant's intent to call Sergeant Anthony Fawaz as an expert witness during trial. *See* ECF No. 94. Defendant explained that Sergeant Fawaz is "an experienced law enforcement officer and owner of Detroit Jiu Jitsu Academy," and he will testify at trial "as to how the art of Jiu Jitsu is a defensive martial art that uses the path of least resistance to cause minimal damage to others." *Id.* at 1. Defendant's second expert notice indicated his intent to call himself as an expert witness during trial. *See* ECF No. 95. Defendant explained that he is a "four striped blue belt in Jiu Jitsu martial arts" and has studied the martial art "over the course of many years." *Id.* at 1. Defendant stated he would provide expert testimony on "how training in Jiu Jitsu can save a person's life by remaining peaceful in a stressful and chaotic situation like the one that occurred on January 6, 2021." *Id.* Although Defendant indicated his intent to call two experts during trial (himself and Sergeant Fawaz), Defendant did not file a response to the Government's Motion, which seeks to exclude the proposed expert testimony of both Defendant and Sergeant Fawaz. *See generally* Mot.

Local Criminal Rule 47(b) provides that the Court "may treat [a] motion as conceded" if an opposing party fails to file "a memorandum of points and authorities in opposition to the motion" within the prescribed time set by the Court. LCrR 47(b). Here, the Court's Amended Pretrial Scheduling Order directed the parties to file evidentiary pretrial motions on or before May

1

6, 2024, with responses to any such motions due on or before May 20, 2024.  *See* Order, ECF No. 86, at 2.  The Government filed the pending Motion on May 6, 2024.  *See* ECF No. 99.  A review of the docket reveals that Defendant has not filed a response to date, let alone a response by May 20, 2024.  As such, the Court shall exercise its discretion and treat the Government's Motion as conceded.  *See* LCrR 47(b).

Although the Government's Motion is conceded, the Court shall briefly address certain evidentiary rules.  To begin, Federal Rule of Evidence 702 ("FRE 702") provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Generally, "[FRE] 702 has been interpreted to favor admissibility." *Khairkhwa v. Obama*, 793 F. Supp. 2d 1, 10 (D.D.C. 2011) (RMU).  But courts are afforded broad discretion in rendering evidentiary rulings "[i]n deference to their familiarity with the details of the case." *Youssef v. Lynch*, 144 F. Supp. 3d 70, 80 (D.D.C. 2015) (CKK).

FRE 702 effectively codifies the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  In *Daubert*, the Supreme Court charged trial judges with the responsibility of acting as "gatekeepers" to shield unreliable or irrelevant expert testimony and evidence from the jury. *Daubert*, 509 U.S. at 597.  In *Kumho*, the Supreme Court made clear that this gatekeeper role applies to all expert testimony, not just scientifically-based testimony.  *Kumho*, 526 U.S. at 148–49.  Consistent with the district court's role as the "gatekeeper for expert testimony," *Little v. Wash. Metro. Area Transit Auth.*, 249 F. Supp. 3d 394, 408 (D.D.C. 2017) (RMC), the Court has "broad discretion in determining whether to admit or exclude expert testimony," *Blake v. Securitas Sec. Services, Inc.*, 292 F.R.D. 15, 17 (D.D.C. 2013) (JEB) (quoting *U.S. ex el. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 895 (D.C. Cir. 2010)).

An expert must also be qualified to provide expert testimony.  Under FRE 702, for an

expert to be qualified, "it is not necessary that the witness be recognized as a leading authority in the field in question or even a member of a recognized professional community." 29 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 6264.1 (2d ed. 2023). "[A]n expert may be qualified on the basis of his or her practical experience." *Khairkhwa*, 793 F. Supp. 2d at 11. But, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note (2000); *see id.*("The trial court's gatekeeping function requires more than simply taking the expert's word for it.") (internal quotation marks and citation omitted). The trial court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field," but "reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Kumho*, 526 U.S. at 152–53.

Two additional restrictions on expert testimony are pertinent to the pending Motion. First, pursuant to FRE 704, an expert witness in a criminal case may not "state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). Second, the D.C. Circuit has made clear that an expert may not testify in the form of a legal conclusion, as such testimony does not assist the jury in understanding the evidence or determining any fact at issue. *See, e.g.*, *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) ("Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect.").

Lastly, Federal Rule of Criminal Procedure 16 governs discovery and disclosures in criminal proceedings. *See generally* Fed. R. Crim. P. 16. It provides, *inter alia*, that a defendant's disclosure for "each expert witness must contain": (1) "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief"; (2) "the bases and reasons for them"; (3) the "witness's qualifications, including a list of all publications authored in the previous 10 years"; and (4) "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)(1)(C)(iii). The witness, in turn, "must approve and sign the disclosure," unless the defendant either (a) "states in the disclosure why the defendant could not obtain the witness's signature through reasonable

3

efforts" or (b) "has previously provided under (B) a report, signed by the witness, that contains all the opinions and bases and reasons for them required by (iii)."  Fed. R. Crim. P. 16(b)(1)(C)(v). Failure to comply with Rule 16 can result in excluding the proffered testimony.  *See United States v. Slough*, 51 F. Supp. 3d 1, 4–5 (D.D.C. 2014) (RCL); *United States v. Day*, 524 F.3d 1361, 1372 (D.C. Cir. 2008) (concluding district court did not abuse its discretion by excluding testimony for violating Rule 16).

With respect to Defendant Brown, the Court shall grant the Government's Motion, in part because Defendant has conceded the Motion and because Defendant has failed to establish that his proposed expert testimony will comport with the Federal Rules of Evidence and D.C. Circuit precedent.  *See, e.g.*, *Meister v. Med. Eng'g Corp.*, 267 F.3d 1123, 1127 n.9 (D.C. Cir. 2001) ("The admissibility of expert testimony and the qualification of an expert witness are preliminary questions to be determined by the district court [] and [the proponent] ha[s] the burden of establishing these matters by a preponderance of proof.").  For similar reasons, the Court shall also grant the Government's Motion with respect to Defendant's other proposed expert (Sergeant Fawaz).

In sum, the Court **GRANTS** Government's [99] Motion to Exclude the Proposed Expert Testimony of Defendant Trevor Brown and Sergeant Anthony Fawaz.

Dated: June 10, 2024                                   /s/
                                                            COLLEEN KOLLAR-KOTELLY
                                                            United States District Judge