UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            v.<br><br>TREVOR BROWN,<br><br>            Defendant. | Criminal Action No. 22-170 (CKK) |

**MEMORANDUM OPINION & ORDER**
(July 15, 2024)

Defendant Trevor Brown is charged by indictment with four counts related to his conduct at the United States Capitol on January 6, 2021. Trial is set to begin in this case on July 29, 2024.[1] Pending before the Court is the Government's [103] Motion in Limine to Preclude Claim of Self-Defense ("Motion" or "Mot."). The Government seeks to preclude Defendant from raising the affirmative defense of self-defense or defense of others. *See* Mot. at 1. Defendant opposes the Government's Motion. *See* Def.'s Opp'n, ECF No. 109. Upon consideration of the briefing,[2] the relevant legal authorities, and the entire record, the Court shall **GRANT** the Government's [103] Motion in Limine to Preclude Claim of Self-Defense.

**I.    BACKGROUND**

The Court refers the reader to its prior opinions for detailed background information on this case. *See United States v. Brown*, No. 22-170, 2022 WL 2828996, at *1–2 (D.D.C. July 20,

---

[1] Defendant has indicated his intent to proceed with a bench trial. *See* Consent Mot. for Bench Trial & Waiver of Jury Trial, ECF No. 115.
[2] The Court's consideration has focused on:
- The Government's Statement of Facts in support of its Criminal Complaint ("Statement of Facts"), ECF No. 1-1;
- The Indictment, ECF No. 30;
- The Government's Motion in Limine to Preclude Claim of Self-Defense ("Mot."), ECF No. 103;
- Defendant's Opposition to Government Motion in Limine ("Def.'s Opp'n"), ECF No. 109; and
- The Government's Reply to Defendant's Oppositions to the Government's Motions *in Limine* ("Reply"), ECF No. 112.

1

2022); *United States v. Brown*, No. 22-170, 2024 WL 50977, at *1–5 (D.D.C. Jan. 4, 2024). The Court shall provide a summary below.

On or about January 6, 2021, Defendant traveled from Novi, Michigan to allegedly protest the results of the 2020 Presidential election. *See* Statement of Facts, ECF No. 1-1, at 2. Photos and videos depict Defendant at the front of a "crowd of rioters trying to push their way into the Capitol building." *Id.*; *see id.* at 2–13. Specifically, Defendant is seen outside the Lower West Terrace of the Capitol building, assisting fellow rioters by "pushing" their way into the tunnel, "shouting into [a] bullhorn," and grabbing a riot shield and holding it up while two rioters step onto the shield. *Id.* at 7, 10. Defendant was also among the few rioters who, after pushing to the front of the mob, succeeded in breaking through the police line in the tunnel. *Id.* at 13.

Numerous social media posts were allegedly published by Defendant following the Capitol riot on January 6th. For instance, on January 6, 2021, Defendant posted on Facebook, stating: "The world is a stage & Jiu jitsu saved my life many times tonight." *Id.* at 3. Another post, published on January 7, 2021, stated, *inter alia*: "People should be storming that Brothel we call the Capitol everyday for what goes on in there. . . . We should have cleaned that brothel out a long time ago. . . . It needs to get stormed every time they sell us out to some industry." *Id.* at 4. That same day, Defendant also wrote: "We the people need one more solid rally like this and CONgress will be forced to bow and be thrown out for not representing the will of the people and charged with crimes against humanity." *Id.* Defendant described his experience in three other social media posts: "Who knew the first time I'd go to DC I'd be storming the Capitol. –and make it in…"; "I made it into the Capitol. I almost died getting in but I made it."; and "I am the First person to breech the White House in 200 years[.]" *Id.* at 5.

2

Subsequently, a grand jury charged Defendant with four offenses: (1) Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2 (Count One); (2) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three); and (4) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four). *See generally* Indictment. On June 3, 2024, the Government filed the pending Motion before the Court. *See generally* Mot. Defendant opposes the Government's Motion in its entirety. *See generally* Def.'s Opp'n. With the Motion fully briefed, the Court turns to its resolution.

## II.    DISCUSSION

In its Motion, the Government seeks to preclude Defendant from raising either a self-defense or defense of others claim with respect to his Section 231 charge (Civil Disorder, Count One). Mot. at 1. The Government maintains that the affirmative defense of self-defense or defense of others is unavailable for Section 231 charges because "there is no element of assault that needs to be excused"; Section 231 "requires nothing beyond the[] intent to commit an act that obstructs, impedes, or interferes with a police officer." *Id.* at 7. Furthermore, even if a self-defense claim is available for a Section 321 charge, the Government argues that it would be nonetheless unavailable in this case because Defendant cannot make the requisite showings. *Id.* at 7–8. Defendant, on the other hand, urges the Court to deny the Government's Motion, arguing that the Government's Motion is unnecessary at this juncture and that he should be "permitted to produce any admissible evidence that shows that his actions were not motivated by a specific intent to obstruct law enforcement." Def.'s Opp'n at 2.

3

To begin, the Court shall address Defendant's implication that motions *in limine* are unnecessary when a defendant has opted for "a bench trial and not a jury trial." *Id.* While the Federal Rules of Evidence do not expressly provide for motions *in limine*, the Court may allow such motions "pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions *in limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (CKK) (citation omitted). The district court's "discretion extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion in limine presents an evidentiary issue that is appropriate in advance of trial." *United States v. Fitzsimons*, 605 F. Supp. 3d 92, 96 (D.D.C. 2022) (RC) (citation omitted). Nonetheless, a "pre-trial ruling, if possible, may generally be the better practice, for it permits counsel to make the necessary strategic determinations" prior to trial. *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980). But, "a motion *in limine* should not be used to resolve factual disputes or weigh evidence." *C&E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) (JMF) (citation omitted).

Courts in this jurisdiction—including this Court—have considered and resolved motions *in limine* even in the context of criminal bench trials. *See, e.g.*, *Fitzsimons*, 605 F. Supp. 3d at 100 n.6; *United States v. Warnagiris*, No. 21-0382, 2023 WL 6973212, at *1 (D.D.C. Oct. 23, 2023) (PLF); *United States v. MacAndrew*, No. 21-730, 2022 WL 17961247, at *1 (D.D.C. Dec. 27, 2022) (CKK). The Court sees no basis to deny the Government's Motion solely because this case will proceed with a bench trial. *See* Def.'s Opp'n at 2. Accordingly, the Court shall exercise its discretion and consider the Government's Motion.

Turning to the substance of the Motion, the Government seeks to preclude Defendant from raising a defense of self or defense of others theory during trial, arguing that (1) the affirmative defense is unavailable for Section 231 charges and (2) Defendant has failed to make the requisite showing that the defense is available in this case.  Mot. at 7–8; *see id.* at 8 (arguing Defendant is "disqualifie[d] [] from asserting a claim of self-defense here").

Assuming, without deciding, that the affirmative defense is available for a Section 231 charge, the Court agrees with the Government that Defendant is not entitled to present the defense at trial.  *See United States v. Baez*, 695 F. Supp. 3d 94, 108 (D.D.C. 2023) (PLF) ("If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial.") (quoting *United States v. Cramer*, 532 F. App'x 789, 791 (9th Cir. 2013)).  Here, Defendant presents no evidence to suggest that the affirmative defense of self-defense or defense of others is applicable.  Defendant merely states that the evidence at trial "may include evidence that he acted in defense of his life."  Def.'s Opp'n. at 2.  Such statements are insufficient.  *See Baez*, 695 F. Supp. 3d at 108 (concluding defendant's "conclusory allegations of assaults from law enforcement officers [are] not sufficient").  Because Defendant has failed to "proffer[] any evidence" suggesting his alleged conduct on January 6th "can be explained by a need to defend [himself] or others," the Court shall preclude him from raising the affirmative defense of self-defense or defense of others during trial.  *Id.*

### III.   CONCLUSION & ORDER

For the foregoing reasons, the Government's [103] Motion in Limine to Preclude Claim of Self-Defense is **GRANTED**.  Defendant is precluded from introducing evidence at trial related to a claim of self-defense or defense of others.

5

The Court makes these evidentiary rulings on the present record and may revisit them at trial.

**SO ORDERED.**

Dated: July 15, 2024

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge