UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TREVOR BROWN,<br>        Defendant. | Criminal Action No. 22-170 (CKK) |

**REDACTED MEMORANDUM OPINION**
(October 25, 2024)

Defendant Trevor Brown faces trial on one felony count and three misdemeanor counts for his alleged role in the riot at the United States Capitol on January 6, 2021. *See* Indictment, ECF No. 30. A bench trial is scheduled to begin on February 3, 2025. *See* Third Am. Pretrial Scheduling Order, ECF No. 132. Now pending before the Court is Brown's [127] Sealed Motion to Allow Forensic Report as Evidence at Trial ("Motion" or "Def.'s Mot."). In his Motion, Brown argues that the Court should admit into evidence the report prepared by the forensic psychologist who, upon the Court's referral, examined Brown for the purpose of determining whether he was competent to stand trial. Mot. at 1; *see generally* Forensic Evaluation, ECF No. 127-1 (under seal). Brown argues that this report is admissible under Federal Rule of Criminal Procedure 12.2(d). Mot. at 1, 4–5. The Government opposes the Motion, arguing that the report is inadmissible hearsay, that it is irrelevant to any proper defense he may raise at trial, that Brown's stated purpose for admitting the report is contrary to Federal Rule of Evidence 704(b), and that Brown has not complied with relevant notice and disclosure requirements regarding expert testimony in Federal Rules of Criminal Procedure 12.2(b) and 16. *See* Gov't's Resp. in Opp'n to Def.'s Mot. to Allow Forensic Evaluation as Evidence at Trial ("Gov't's Opp'n"), ECF No. 130, at 9–16. Upon consideration of the parties' submissions, the relevant legal authority, and the entire record, the

1

Court shall **DENY** the Motion because the report is inadmissible hearsay, without reaching the Government's several alternative arguments against admission.

## I. BACKGROUND

The Court has described Brown's alleged role in the events of January 6, 2021, in multiple prior memoranda opinions. *See, e.g.*, ECF Nos. 91, 105, 121–22. In summary, the Government alleges that Brown was among the crowd of rioters who attempted to push their way through a line of U.S. Capitol Police officers protecting the Lower West Tunnel of the Capitol Building on January 6. *See* Statement of Facts, ECF No. 1-1, at 7–12. The Government alleges that Brown later posted about his participation in the riot on social media. *Id.* at 5.

For this conduct, the Government charged Brown with one felony charge of civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2, and three misdemeanor charges arising from his alleged unlawful presence and conduct at the Capitol and on its grounds on January 6. Indictment, ECF No. 30. The Court arraigned Brown on this Indictment on June 3, 2022. *See* Minute Order (June 3, 2022).

Shortly thereafter, Brown's appointed counsel filed a motion for a hearing to determine Brown's competency, in which counsel raised serious concerns regarding Brown's competency to stand trial and assist in his own defense. *See generally* Mot. for Hrg. to Determine Mr. Brown's Competency, ECF No. 36. Shortly thereafter, the Court received a status report from the Pretrial Services Agency raising similar concerns and indicating that Brown was not in compliance with his conditions of release. *See generally* Status Report, ECF No. 37.

In response to these concerns, the Court conducted a sealed hearing, after which the Court provisionally found that Brown was suffering from a mental defect rendering him unable to fully understand the proceedings against him or to assist in his own defense. *See* Order, ECF No. 38. The Court therefore ordered Brown committed to the Bureau of Prisons for the purpose of

producing a psychiatric report evaluating his competency to stand trial, pursuant to 18 U.S.C. §§ 4241 and 4247. *Id.* The report prepared by a Bureau of Prisons psychologist in response to this order was filed under seal on October 26, 2022. *See* Forensic Evaluation, ECF No. 52 (under seal). That report documented the psychologist's conclusion that, as of the time of writing, Brown ███████████████████████████████████████████████████████, but also understood the nature of the proceedings against him and "appear[ed] appropriate for the continuation of legal proceedings." *Id.* at 14, 19.

The Court then conducted a competency hearing on November 21, 2022, and ultimately accepted the findings of the forensic psychologist who examined Brown. *See* Minute Order (Nov. 21, 2022). The Court concluded that Brown was competent to stand trial and assist in his own defense. *Id.*

At a subsequent status hearing, the parties notified the Court that they intended to resolve this case through a plea agreement, and the Court scheduled a change-of-plea hearing accordingly. *See* Minute Order (Mar. 3, 2023).

After a continuance, the change-of-plea hearing was held on May 24, 2023. *See* Minute Order (May 24, 2023). During a colloquy with the Court regarding the factual basis for his intended plea of "guilty" to a charge of aiding and abetting a civil disorder, Brown told the Court, among other things, that during the riot at the Capitol, he was "was trying to part the seas and create a peaceful transition" and his intention was to "make peace." Tr. of Plea Hrg., ECF No. 127-2, at 35–38. The Court ultimately concluded that Brown's admissions did not demonstrate that he had the mental state required to commit the offense to which he was attempting to plead guilty. *See id.* at 48. The Court therefore rejected Brown's plea of "guilty" to aiding and abetting a civil disorder. *See id.*

The Court then scheduled this case for a bench trial to begin on July 29, 2024. *See* Second Am. Pretrial Scheduling Order, ECF No. 114. During a status conference in preparation for trial on July 17, 2024, defense counsel informed the Court for the first time that Brown was considering raising an insanity defense at trial. *See* Minute Order (July 18, 2024). Although Brown's notice of this intended defense was untimely, the Court directed counsel to retain an expert who could testify regarding a potential insanity defense. *See id.*

At a subsequent status conference, after counsel informed the Court that counsel had retained an expert, the Court continued the bench trial to allow time for the expert to examine Brown and prepare an expert report. *See* Minute Order (July 23, 2024).

Finally, at the most recent status conference in this matter, Brown's counsel informed the Court that after consultation with the retained expert, Brown no longer intends to raise an insanity defense to the charges against him. *See* Minute Order (Sept. 3, 2024). Counsel proposed instead to admit into evidence the report prepared by the Bureau of Prisons psychologist who previously examined Brown to evaluate his competency to stand trial, arguing that the report contains information that is relevant to Brown's mental state on January 6. *Id.* Because the Government opposed that request, the Court ordered the parties to brief the issue of whether the report should be admitted into evidence. *Id.* That briefing is now complete, and the issue is ripe for decision.

## II. ANALYSIS

The report that Brown seeks to admit into evidence is hearsay. Hearsay is a statement, other than one made while testifying during the current trial or hearing, that is offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). A "written assertion" is a "statement" for purposes of the hearsay rules. Fed. R. Evid. 801(a). Brown proposes to admit the report as evidence of the truth of the written assertions it contains, such as the assertions that ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ *See* Def.'s

4

Mot. at 2, 6. He argues that these assertions are probative of his mental state on January 6 and therefore relevant to his guilt or innocence. *Id.* Offered for this purpose, the report is plainly hearsay.

Because the report is hearsay, it is inadmissible except as provided in the Federal Rules of Evidence, a federal statute, or "other rules prescribed by the Supreme Court." Fed. R. Evid. 802. Therefore, to admit the report, Brown must demonstrate that one or more exceptions applies. *See id.* And to the extent that Brown seeks to admit hearsay statements recounted in the report itself, such as statements that Brown made to the report's author, he must show that relevant exceptions apply both to the written assertion and to the recounted hearsay statement. *See* Fed. R. Evid. 805. However, Brown fails to identify any applicable hearsay exceptions in his Motion. *See* Def.'s Mot. at 2 (arguing only that in the context of a bench trial, the Court has "broader than usual latitude to admit evidence as it sees fit," including hearsay). In his Reply, he argues for the first time that two exceptions apply: the exception for statements made for the purpose of medical diagnosis or treatment, Fed. R. Evid. 803(4), and the exception for records of a regularly conducted activity of a business, Fed. R. Evid. 803(4). *See* Def.'s Reply, ECF No. 134, at 3–4. These arguments fail.[1]

The exception in Rule 803(4) for statements made for the purpose of medical diagnosis or treatment does not apply to the written assertions in the report Brown seeks to admit. This exception applies to a statement that "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). Although some of the statements

---

[1] Furthermore, Brown arguably waived these arguments by failing to raise them in his initial Motion. *See Nippon Shinyaku Co., Ltd. v. Iancu*, 369 F. Supp. 3d 226, 240 n.8 (D.D.C. 2019) (EGS) ("Arguments raised for the first time in a reply brief are waived."), *aff'd*, 796 F. App'x 1032 (Fed. Cir. 2020).

5

Brown may have made to the report's author may fall within the exception in Rule 803(4) because he made those statements in part for the purpose of "medical diagnosis," none of the assertions in the report itself fall within the exception. *See id.* The Rule 803(4) exception applies to statements made by *patients*, on the premise that patients seeking diagnosis or treatment have a "strong motivation to be truthful." *See* Fed. R. Evid 803 advisory committee's note to Paragraph (4). Statements made by a medical professional who provides that diagnosis or treatment, including those of the author of the report at issue here, do not fall within the exception because the declarant lacks the same "strong motivation" for truthfulness that justifies the Rule unless the declarant's statements are made in part to inform further diagnosis or treatment. *See id.*; § 8:81 Medical records, 4 Federal Evidence § 8:81 (Christopher B. Mueller & Laird C. Kirkpatrick eds., 4th ed.). Because the report at issue here was not prepared for that purpose, it is not admissible under Rule 803(4).

The exception in Rule 803(6) for records of a regularly conducted activity of a business, more commonly known as the business-records exception, also does not apply to the report that Brown seeks to admit. To be admissible under this exception, records must be "kept in the course of a regularly conducted activity of a business" or similar enterprise. Fed. R. Evid. 803(6)(B). "In other words, the record must be 'typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide internal controls.'" *United States ex rel. Landis v. Tailwind Sports Corp.*, 292 F. Supp. 3d 211, 220 (D.D.C. 2017) (CRC) (quoting *Palmer v. Hoffman*, 318 U.S. 109, 113 (1943)). Records that are prepared primarily or exclusively for use in litigation lack the inherent trustworthiness of record relied upon for these non-litigation purposes and are therefore not admissible under the exception in Rule 803(6). *See id.* Because the forensic evaluation report at issue here was prepared for the exclusive

purpose of use in this litigation and is not "kept in the course of a regularly conducted activity of a business" in the relevant sense, it is not admissible under the business-records exception. *See* Fed. R. Evid. 803(6).

Finally, Brown's suggestion that the Court can admit hearsay in a bench trial "as it sees fit" is mistaken. *See* Def.'s Mot. at 2. The Federal Rules of Evidence, including the rules limiting the admissibility of hearsay, "apply to proceedings in United States courts" without any exception for bench trials. Fed. R. Evid. 101. The two decisions from this District that he cites are not to the contrary, and neither stands for the proposition that courts may admit hearsay into evidence as substantive evidence in a bench trial. *See* Def.'s Mot. at 2.

The first decision Brown cites involved not a bench trial, but rather the presentation of expert reports at an evidentiary hearing, for purposes of which the parties had agreed to waive hearsay objections and present expert reports "as direct testimony." *See United States v. Phillip Morris USA Inc.*, No. 99-cv-2496, 2021 WL 4318113 at *2–3 (D.D.C. Sept. 23, 2021) (PLF). In the context of that evidentiary hearing, unlike a bench trial, the court was "not bound by evidence rules, except those on privilege." Fed. R. Evid. 104. The court's decision to allow the presentation of expert reports as evidence under those circumstances does not demonstrate that the reports would be similarly admissible in a bench trial.

The second decision Brown cites did not involve a final decision to admit or exclude an expert report over an objection that the report was hearsay, but rather a decision that objections to the bases for the opinion testimony the expert would give—including some bases that the opposing party argued constituted inadmissible hearsay—would be "best addressed at trial through question-specific objections." *DL v. District of Columbia*, 109 F. Supp. 3d 12, 32 (D.D.C. 2015) (RCL). The Federal Rules of Evidence specifically allow experts to rely on hearsay in that context: When

7

an expert intends to give opinion testimony, the bases for the expert's opinion "need not be admissible for the opinion to be admitted." Fed. R. Evid. 703.  Under those circumstances, the court's decision to defer ruling on the hearsay objections to certain statements that served as bases for the expert's opinion did not amount to a decision to allow inadmissible hearsay as substantive evidence in a bench trial.

In sum, the report that Brown proposes to admit into evidence is inadmissible hearsay, and he has not shown that this Court may relax the rules regarding the admissibility of hearsay merely because the Court, rather than a jury, will sit as the factfinder in this case.  Because the Court therefore does not have discretion to admit the report, the Court does not reach the Government's remaining arguments against admission.  *See* Gov't's Opp'n at 10–16.  The report shall not be admitted.

### III. CONCLUSION

For the foregoing reasons, the Court shall **DENY** the [127] Sealed Motion to Allow Forensic Report as Evidence at Trial.  An appropriate Order accompanies this Memorandum Opinion.

**Dated:**  October 25, 2024                  \_\_\_/s/_____
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge