UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 22-cr-00170 (CKK) |
| v. | : | |
| | : | |
| TREVOR BROWN, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court order the defendant Trevor Brown to provide reciprocal discovery as required by Federal Rule of Criminal Procedure 16(b)(1).

### BACKGROUND

Trevor Brown is charged with four crimes relating to his participation in the riot at the United States Capitol four years ago on January 6, 2021. That riot was thoroughly documented by thousands of independent sources; it was recently described as "the largest digital crime scene in history."[1] As a result, the criminal cases resulting from the riot came with robust discovery productions that included footage of the riot taken by CCTV at the U.S. Capitol, body worn cameras used by many different police departments that came to assist, media footage, cell phone videos taken by members of the crowd, and countless other sources. The discovery provided to Brown includes not only global discovery productions made accessible to all January 6 defendants, but also case-specific discovery that isolates the most pertinent footage and records relating to Brown's own case. The government's voluminous, well-organized, and thorough

---

[1] "'A Day of Love': How Trump Inverted the Violent History of Jan. 6," *The New York Times*, January 5, 2025 (by Dan Barry and Alan Feuer).

discovery productions went well beyond the requirements of Rule 16(a). In addition, the government has specifically identified which of these materials it intends to use in its case-in-chief, and has filed a preliminary exhibit list specifying those materials, eliminating any guesswork or speculation as to the government's trial evidence and theories.

Although Brown requested discovery from the government, triggering his obligations to provide reciprocal discovery pursuant to Rule 16(b)(1)(A) and (B), to date he has provided just two records. As provided on Brown's exhibit list, these are two videos (marked Defense Exhibits 101 and 102) titled "BWC with filter." Both videos appear to feature sound adjustments and other modifications to clips of police body-worn camera footage showing Brown at the mouth of the tunnel where officers attempted to fight back the mob. In a phone conference with prior government counsel on July 15, 2024, Brown indicated that at that time, he did not anticipate introducing any additional exhibits.

## DISCUSSION

Federal Rule of Criminal Procedure 16(b) defines a defendant's mandatory obligation to provide reciprocal discovery. The Rule provides that if a defendant requests discovery from the government and the request is complied with, the defense "must" permit the government:

> to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. Pro. 16(b)(1)(A). Similar requirements apply to reports of examinations and tests. *Id.* at Rule 16(b)(1)(B).

The purpose of Rule 16(b) is to ensure that discovery is "a two way street." *United States v. Stackpole*, 811 F.2d 689, 697 (1st Cir. 1987). The Rule "definitely contemplates reciprocity in the production of evidence that both parties intend to introduce in their case-in-chief at trial."

*United States v. Palumbo Bros., Inc.*, No. 96-CR-613, 1998 WL 67623, at *1 (N.D. Ill. Feb. 3, 1998), *rev'd on other grounds*, 145 F.3d 850 (7th Cir. 1998); *see also United States v. Anderson*, 416 F. Supp. 2d 110 (D.D.C. 2006) (discussing the reciprocity of defendant's and government discovery obligations and recognizing that documents not identified pre-trial may be prohibited from introduction at trial if the use was planned in advance of trial). "Courts have not hesitated to order pretrial discovery in favor of the Government where the Government has complied with the defendant's discovery requests." *United States v. Blackwell*, 954 F. Supp. 944, 970-1 (D. N.J. 1997) (citing examples).

"Under the plain language of the Rule, [a] defendant is required to turn over all such documents, regardless of their source or the means by which she came to possess them. The fact that the government already is in possession of the documents does not eliminate [a] defendant's duty to disclose them." *United States v. Hsia*, No. CRIM. 98-0057 (PLF), 2000 WL 195067, at *1 (D.D.C. Jan. 21, 2000). Documents obtained from the government must be identified with specificity in order "to avoid surprise and gamesmanship." *Id*. Although the Rule references a defendant's "case-in-chief," the term should be construed to include a defendant's cross-examination of a government witness for any reason except impeachment. *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) (finding that defendant's presentation of "substantive, non-impeachment, evidence during cross-examination [of government witnesses] to prove their case" is part of the defendant's "case-in-chief" for purposes of Rule 16(b)).

Under Rule 16(b)(1)(A), Brown must produce materials that are within his possession, custody, or control and that he intends to use in his case-in-chief at trial.  As noted, he has to date produced two video files, described on his exhibit list (ECF 119), and indicated in a July 2024 conference that he does not intend to introduce any additional evidence.  Should Brown decide to

introduce additional evidence at trial, the government requests that he provide those materials in discovery as soon as they are identified.

Similarly, under Rule 16(b)(1)(B), Brown must produce the results of any physical or mental examination that are within his possession, custody, or control and that he intends to use at trial (or intends to call the witness who prepared the report). Brown's request to introduce a forensic report by a Bureau of Prisons psychologist was denied. ECF 136. Should Brown decide to introduce any other reports of examinations or tests, the government requests that he provide those reports in discovery as soon as they are identified.

Rule 16 is designed "to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery." *Crowder*, 325 F. Supp. 3d at 136. To further that goal and avoid any unfair surprise, the government requests that Brown be ordered to produce any reciprocal discovery as required by Rule 16(b)(1)(A) and (B) in advance of trial or as soon as those materials are identified.

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES
                                United States Attorney
                                D.C. Bar No. 481052

By:    /s/ *Emily W. Allen*
        EMILY W. ALLEN, CA Bar No. 234961
        Assistant United States Attorney
        SARAH W. ROCHA, D.C. Bar No. 977497
        Trial Attorney
        601 D Street, N.W.
        Washington, DC 20004
        emily.allen@usdoj.gov
        (619) 546-8266